862 So.2d 1123 (2003)
STATE of Louisiana, Appellee,
v.
Nathan E. WHITE, Appellant.
No. 37,815-KA.
Court of Appeal of Louisiana, Second Circuit.
December 17, 2003.
*1124 Bertha M. Hillman, Louisiana Appellate Project, for Appellant.
J. Schuyler Marvin, District Attorney, R. Lane Pittard, Jeff Cox, Assistant District Attorneys, for Appellee.
Before STEWART, GASKINS and LOLLEY, JJ.
GASKINS, J.
The defendant, Nathan E. White, was charged with aggravated incest, a violation of La. R.S. 14:78.1 which is punishable by imprisonment for five to 20 years, with or without hard labor, plus an optional fine not to exceed $50,000. However, the state agreed to accept the defendant's guilty plea to attempted aggravated incest. The trial court sentenced the defendant to serve six years at hard labor, three years of which were suspended; he was also placed on five years supervised probation. Following the denial of his timely motion for reconsideration, the defendant appeals his sentence as excessive. We affirm.
In December 2001, the defendant, then age 28, engaged in vaginal intercourse with his 14-year-old stepdaughter[1] while the girl's mother went to a fast food restaurant to get dinner. According to the defendant, the girl enticed him to commit the crime, and he denied that he actually penetrated the victim. A condom, which the victim described by its unique color and which contained the defendant's semen, was recovered at the scene of the crime.
When, as here, a defendant's motion for reconsideration urges merely that the sentence is excessive, he is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La. 1993). Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992).
*1125 Prior to imposing sentence, the trial court reviewed a presentence investigation (PSI) report which provided extensive details of the defendant's social history, including his education and work experiences and his lack of any prior convictions. The court noted the financial impact which the defendant's incarceration would work upon his family. The court considered the facts of the case and concluded that intercourse actually had occurred. It also noted that the defendant took advantage of his position as the stepfather of the victim. The court stated its opinion that a lesser sentence would deprecate the seriousness of the offense.
On this record, we do not find constitutional error. The defendant apparently had a non-abusive childhood. As shown by the PSI report, he had work skills and a stable employment record. However, there is no justification for the commission of this egregious offense. The victim is undergoing counseling for severe depression.
The lawful sentence imposed is midrange under the statute of conviction. The court granted leniency by suspending execution of half the sentence. The offense to which the defendant was allowed to plead guilty does not adequately describe his criminal conduct. The sentence is neither grossly disproportionate to the severity of the offense of conviction nor is it shocking to our sense of justice. There is no showing of an abuse of the district court's discretion in the imposition of this sentence which, under the facts and circumstances of the case, is not constitutionally excessive.
The defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Although the victim's age is given throughout the record as 15 at the time of the crime, our review of the dates indicates that the offense apparently occurred several days before her 15th birthday.