I,GASKINS, J.
The defendant, Eddie Carter, pled guilty to one count of armed robbery and was sentenced to 50 years at hard labor without benefit of parole, probation or suspension of sentence. He appeals his sentence as excessive.[1] We affirm.
*1292 On July 81, 2003, the defendant went to a Circle K convenience store in Morehouse Parish with two accomplices, another man ■ and a woman. The defendant and the other man went in the store and told the clerk that they wanted five dollars worth of gasoline. The clerk pressed in a prepay of five dollars, and the female accomplice pumped a small amount of gasoline. The defendant pulled a gun-on the clerk, told him- it was a robbery, and shot him in the - abdomen. The clerk eventually recovered from his physical wound, although he no longer works in the same type of employment.
The defendant was indicted on charges of armed robbery, conspiracy to commit armed robbery, and attempted first degree murder. He pled guilty to the armed robbery charge pursuant to a plea bargain in which the state agreed not to file a habitual offender bill and to dismiss related charges of conspiracy to commit armed robbery and attempted first degree murder. The trial court imposed a sentence of 50 years at hard labor without benefits or “good time” credit. It also denied a timely motion for reconsideration of sentence, which alleged only excessiveness.'
When, as here, a defendant’s motion for reconsideration urges merely that the sentence is excessive, he is relegated only to a claim of | ..constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La. 1993). Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123.
Prior to imposing sentence, the trial court considered a presentence investigation (PSI) report detailing the defendant’s background and found “very little that’s positive.” At the age of 24, the defendant was already a fourth felony offender. His criminal history included two convictions for cocaine possession; probation on the second cocaine conviction was terminated unsatisfactorily after his conviction for attempted simple robbery. His social history was unremarkable. The defendant dropped out of school in the eighth grade, and he admitted abusing marijuana, cocaine and alcohol, all of which he claimed to have been using on the date of the instant crime. Although he has two children, ages five and six, he has never been employed.
The court emphasized the extreme gravity of the offense'of armed robbery and the fact that the victim was actually shot. It also noted the victim’s suffering as a result of the defendant’s actions. The court stated it had considered the sentencing guidelines and, based on the defendant’s background, found there was an undue risk he would commit further offenses if he were eligible for and were granted probation. However, the court found he was in need of correctional treatment, and the PSI report correctly noted that he was not eligible for probation.
lROn this record we do not find constitutional error. The defendant received a substantial benefit from the state’s agreement not to charge him as a habitual offender. Had the state so charged him, he would have faced a minimum sentence of 99 years at hard labor. La. R.S. 15:529.1(A)(l)(e)(i). The sentence imposed is' lawful and is at the midpoint of the range available to the court. There was *1293 no lawful excuse or justification for this robbery or for shooting the robbery victim. The defendant has a history of violence and of taking property from other persons by force. Considering the totality of the record, we do not find the sentence imposed is grossly disproportionate to the severity of the offense nor is it shocking to the sense of justice.
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Appellate counsel filed a motion to withdraw as counsel under Anders v. California, *1292 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); however, we denied the motion on the grounds that counsel assigned error and argued a constitutionally excessive sentence in brief.