h GASKINS, J.
The defendant, Johnny Collins, appeals as excessive his sentence of 40 years at hard labor without benefit of parole, probation, or suspension of sentence following his guilty plea to attempted second degree murder. For the following reasons, we affirm the conviction and sentence.
FACTS
On June 13, 2003, the victim, Denise Jackson, was walking in a wooded area between .her-residence and a store. The defendant attacked her, beating her severely about the head and body with a board and a bottle. The victim claimed that the attack was unprovoked. The defendant asserted that the victim made a comment to him which caused him to attack her. The victim suffered severe disfigurement as a result of the attack. A man and woman passing by the area heard the victim screaming and came to her aid. The defendant fled the scene.
The victim and the female witness both identified the defendant' from a photographic line up. The defendant was apprehended hiding under a house. He was arrested and charged with attempted second degree murder.
On March 10, 2004, the defendant entered a plea of guilty.as charged to attempted second degree murder. In exchange for the plea, the prosecution agreed not to charge the defendant as a habitual offender.
On July 29, 2004, the trial court sentenced the defendant to serve 40 years at hard labor without benefit of parole, probation, or suspension of sentence. A timely motion for reconsideration of sentence was denied. The defendant appealed, claiming that the sentence is excessive.
| .LEGAL PRINCIPLES
When, as here, a defendant’s motion for reconsideration urges merely that the sentence is excessive, he is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993). Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. White, 37,815 (La.App. 2d Cir.12/17/03), 862 So.2d 1123.
*1257 A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
DISCUSSION
Prior to imposing sentence, the trial court considered a presentence investigation (PSI) report. The court noted that the defendant was 35 years old with an extensive criminal record. He had a juvenile record. In 1987, the defendant was charged with simple, escape and pled guilty to attempted felony escape. He was arrested for unauthorized use of a movable, but the record contained no disposition of that charge. In 1988, the defendant was charged with second degree murder and was allowed to plead guilty to manslaughter. He was sentenced to 21 years at hard labor. He also pled guilty to armed robbery and was sentenced to 25 years at hard labor. The defendant was paroled in October 2003 and committed the present offense within eight months of his release from prison.
|sThe court noted that the defendant was not married and had no dependents. He dropped out of the tenth grade and was unemployed. The court found the defendant to be a dangerous person who needed to be removed from the public and incarcerated for a lengthy period of time.
The court also observed the impact of this offense upon the victim. The victim suffered severe injuries as a result of being beaten by the defendant with a board and a bottle. Her life was saved by two people passing by who heard her screams. The victim’s head had to be shaved and she required 6 to 7 staples in her head and 30 to 40 stitches in her face to close her wounds. Her children were afraid of her and called her a monster for several months. The victim stayed in her house for three months after this attack and she is now afraid to be outside her house after 3:30 p.m. She' has large -scars on her forehead and bald spots on the side of her head. She may be unemployable due to her disfigurement. According to the victim, the defendant tried to kill her. over three dollars.
As mitigating factors, the court noted that the defendant agreed to' plead guilty as- charged, saving the victim the trauma of - a trial.. The court observed that the defendant had prior felony convictions for manslaughter and for armed robbery. In exchange for the plea, the state agreed not to charge the defendant as a multiple offender. As a, multiple offender, the defendant would have received the mandatory sentence of life in prison without benefit of parole, probation, or suspension of sentence.
As aggravating factors, the court noted that the defendant committed this offense shortly after being paroled for manslaughter and armed robbery. |4 Further, he probably would have killed the victim if he had not been interrupted.
The court found that there was an undue risk that the defendant would commit another offense and that he was in need of correctional treatment. The court stated that a lesser sentence than that imposed would deprecate the seriousness of the offense. The court noted that this offense manifested deliberate cruelty to the victim and actual violence was used in the commission of the offense resulting in significant personal injury to the victim. The court pointed out that the defendant used a dangerous weapon in the commission of this offense, the defendant had a significant criminal history, and this offense was the result of circumstances likely to recur.
*1258 The court specified that the sentencing range for this offense was no less then ten and no more than 50 years at hard labor, without benefit of parole, probation, or suspension of sentence. Based upon the factors enumerated, the court sentenced the defendant to 40 years at hard labor without benefit of parole, probation, or suspension of sentence.
On this record, we do not find constitutional error. The defendant is a third felony offender with prior convictions for crimes of violence. He was afforded great lenience by the prosecution through its decision not to charge him as a habitual offender. The sentence imposed is lawful, and is ten years less than what the trial court could have imposed. There is no excuse or justification for the defendant’s conduct in this matter. Considering his violent history and his" other personal data, we find the sentence imposed is neither grossly disproportionate to the severity of the offense of conviction | mor shocking to our sense of justice. There is no showing of an abuse of the district court’s broad discretion in the imposition of this sentence which is supported by the record and which is not constitutionally excessive.
CONCLUSION
For the reasons stated above, the conviction and sentence of the defendant, Johnny Collins, for attempted second degree murder, are affirmed.
AFFIRMED.