DREW, J.
| íAron Michael Sumrall seeks review of his three-year, hard labor sentence for second degree battery. La. R.S. 14:34.1. A motion for reconsideration of sentence was denied. We affirm.
The defendant was originally charged with aggravated battery, but pled guilty to second degree battery.[1] The record shows that the defendant and his then wife were involved in a domestic dispute when he shoved her and attempted to snatch the children, who were hysterical. Mrs. Sum-rail urgently requested her father, Tim Turner, to come to the scene. Without provocation, the defendant repeatedly struck Mr. Turner in the head with a stick, resulting in a head wound. Mr. Turner was also in considerable pain from a rib injury.
When, as here, a defendant’s motion for reconsideration urges merely that the sentence is excessive, he is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. White, 37,815 (La.App. 2d Cir.12/17/03), 862 So.2d 1123.
The trial court considered the defendant’s criminal history, his ex-wife’s position that he had been abusive throughout the course of the | ^marriage, and the fact that he has children. The court stated that it reviewed the defendant’s pre-sen-tence investigation report and letters from the defendant and his grandmother. The court noted that the defendant benefited substantially from pleading guilty to the lesser charge of second degree battery. We note that he benefited also by the other two sentences being suspended. This bully cut his exposure in half with the plea. The three years is well deserved.
On this record, we do not find constitutional error. The sentence is lawful. It is not needless or purposeless. It is neither grossly disproportionate to the severity of the offense of conviction, nor is it shocking to our sense of justice. There is no showing of an abuse of the district court’s discretion in the imposition of this sentence.
The sentence is AFFIRMED.

. He also pled guilty to two related charges: simple battery (La. R.S. 14:35) and violation of a protective order (La. R.S. 14:79). On these two misdemeanors, the court Wisely sentenced the defendant to two consecutive six-month suspended sentences, with conditions of probation designed to address his anger issues and, in turn, to protect his wife and children from him in the future. Another misdemeanor was dismissed.