940 So.2d 111 (2006)
STATE of Louisiana, Appellee
v.
Michael BANKS, Appellant.
No. 41,274-KA.
Court of Appeal of Louisiana, Second Circuit.
September 20, 2006.
*112 Louisiana Appellate Project by Peggy J. Sullivan, Monroe, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Lane Pittard, Assistant District Attorneys, for Appellee.
Before STEWART, PEATROSS & MOORE, JJ.
PEATROSS, J.
Defendant, Michael Banks, was convicted as charged of unauthorized use of a motor vehicle. He was sentenced to ten years' imprisonment at hard labor, to run consecutive with any other sentence. Defendant was granted an out-of-time appeal. For the reasons stated herein, Defendant's conviction and sentence are affirmed.

FACTS
On December 24, 2002, Defendant went to K.R. United Auto Sales in Haughton, Bossier Parish, and was permitted to test drive a 1993 GMC pickup truck by the business's owner, Randall Solice. Mr. Solice testified that he handed the keys to Defendant, whom he knew from Defendant's prior visits to the dealership. Mr. Solice further testified that he told Defendant to "be back shortly" because he wanted to close his business early (about 1:00 p.m.) since it was Christmas Eve. No money changed hands. According to Mr. Solice, Defendant stated that he would be back in a matter of minutes and left in the vehicle. After an hour and a half passed and Defendant had not returned, Mr. Solice called the police and reported the vehicle as missing. Defendant never returned the vehicle.
Defendant testified that he went to the dealership looking for a vehicle that would be reliable to drive to Dallas for the holiday. *113 According to Defendant, Mr. Solice never gave him a time limit on how long he could test drive the vehicle. Defendant testified that it was a "misunderstanding" between him and Mr. Solice as to how long he could drive the vehicle. Defendant's impression was that they had struck a deal for him to buy the truck for $5,000 and that the deal would be completed after the holidays in order to allow Defendant time to clear something up with his insurance. With regard to the "misunderstanding," we find interesting Defendant's testimony that it was his opinion that Mr. Solice was a "good fellow" and was honest. Defendant testified that, if Mr. Solice stated that he thought the test drive was to be five to ten minutes long, that must be what Mr. Solice understood the agreement to have been.
Defendant further testified that, when he left the dealership in the vehicle, he filled the truck with gas and drove the vehicle to Dallas as he had planned. He returned to Haughton a day or two before the first of the new year. Seven days after Defendant left the used car dealership in the vehicle, he was involved in an accident in Red River Parish while driving the truck. Defendant testified that he was in Red River Parish "visiting someone." Remarkably, Defendant admitted that, given his testimony, he may have actually been confessing to the instant offense.
As previously stated, Defendant was charged by bill of information with unauthorized use of a motor vehicle. After a trial by a jury of six persons and a short deliberation, Defendant was found guilty as charged. The trial court sentenced Defendant to serve a term of ten years' imprisonment at hard labor, to be served consecutively with any other sentence. No motion to reconsider sentence was filed. Defendant's motion for an out-of-time appeal was granted and this appeal followed.

DISCUSSION
Assignment of Error Number One (verbatim): The evidence adduced at trial did not support a conviction of unauthorized use of a motor vehicle.
Although the record does not reflect that Defendant filed a motion for post-verdict judgment of acquittal pursuant to La. C. Cr. P. art. 821, this court will consider sufficiency arguments in the absence of such a motion. State v. Henson, 38,820 (La.App.2d Cir.9/22/04), 882 So.2d 670; State v. Green, 28,994 (La.App.2d Cir.2/26/97), 691 So.2d 1273.
The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132; State v. Murray, 36,137 (La.App.2d Cir.8/29/02), 827 So.2d 488, writ denied, 02-2634 (La.9/5/03), 852 So.2d 1020. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165.
The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App.2d Cir.8/30/02), 827 So.2d 508, writ denied, 02-3090 (La.11/14/03), 858 So.2d 422.
*114 Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, 36,180 (La. App.2d Cir.9/18/02), 828 So.2d 622, writs denied, 02-2595 (La.3/28/03), 840 So.2d 566, 02-2997 (La.6/27/03), 847 So.2d 1255, cert. denied, 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004).
La. R.S. 14:68.4 A, regarding unauthorized use of a motor vehicle, provides:
A. Unauthorized use of a motor vehicle is the intentional taking or use of a motor vehicle which belongs to another, either without the other's consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the motor vehicle permanently.
Defendant argues that he believed he had consent to drive the vehicle until after the holidays, at which time the sale of the vehicle would be finalized. He asserts that there was nothing fraudulent about his actions and, therefore, there was no crime. On the other hand, the State argues that sufficient evidence was presented to support Defendant's conviction. It notes Mr. Solice's testimony that Defendant only had permission to take the vehicle for a short test drive and that Defendant was to bring the vehicle back in a few minutes. The State urges that Defendant's trial testimony was not credible and the jury's determination of credibility should not be disturbed. We agree.
A review of the evidence presented by the State in the case sub judice, viewed in the light most favorable to the prosecution, is such that any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. La. C. Cr. P. art. 821; Jackson v. Virginia, supra; State v. Cummings, supra; State v. Murray, supra. The jury obviously chose to accept the testimony of the owner of the used car dealership over that of Defendant. This court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, supra.
This assignment is without merit.
Assignment of Error Number Two (verbatim): The ten year sentence imposed constitutes an excessive sentence under the facts and circumstances of this case.
When Defendant fails to file a La. C. Cr. P. art. 881.1 motion to reconsider sentence, the appellate court's review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164.
Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123.
In the case sub judice, Defendant argues that the sentencing record fails to indicate that the sentencing considerations of La. C. Cr. P. art. 894.1 were adequately considered. He contends that the objective facts in this case do not support the imposition of a ten-year, hard labor sentence. We disagree.
La. R.S. 14:68.4 B provides that whoever commits the crime of unauthorized use of a motor vehicle shall be fined not more than $5,000 or imprisoned with or without hard labor for not more than ten years or both.
A review of the entire record reveals that the imposition of the maximum ten-year hard labor sentence for this defendant's conviction of unauthorized use of a *115 motor vehicle is not illegal, nor is it grossly disproportionate to the severity of the offense or shocking to the sense of justice. Prior to imposing sentence, the trial court indicated that it had reviewed the presentence investigation report and noted Defendant's age (45 years old). It reviewed and set forth Defendant's criminal history, which began in 1976, and showed that he was a fourth-felony offender. The trial court set forth the facts of the instant offense and noted that Defendant had felony charges pending in Bossier and Red River Parishes. When the trial court asked Defendant if he had anything to say before sentencing, Defendant responded negatively. We conclude that the facts and circumstances of the case and Defendant's extensive criminal history support a finding that the sentence is not constitutionally excessive. See State v. Lobato, supra; State v. White, supra.
This assignment is without merit.

CONCLUSION
For the foregoing reasons, the conviction and sentence of Defendant, Michael Banks, are affirmed.
AFFIRMED.