940 So.2d 98 (2006)
STATE of Louisiana, Appellee
v.
Derrick YOUNGBLOOD, Appellant.
No. 41,390-KA.
Court of Appeal of Louisiana, Second Circuit.
September 20, 2006.
Louisiana Appellate Project, by: James E. Beal, Jonesboro, Paula Corley Marx, Lafayette, Brian C. McRae, for Appellant.
Don M. Burkett, District Attorney, Richard Z. Johnson, Jr., Assistant District Attorney, for Appellee.
Before WILLIAMS, PEATROSS and LOLLEY, JJ.
LOLLEY, J.
The defendant, Derrick Youngblood ("Youngblood"), appeals a judgment by the Eleventh Judicial District Court, Parish of DeSoto, State of Louisiana. Youngblood was convicted, by a jury, of distribution of a Schedule II CDS (cocaine), La. R.S. 40:964, 40:967(A)(1). Youngblood was sentenced to five years at hard labor, two *99 years to be served without benefit of probation, parole, or suspension of sentence. Youngblood seeks review of his sentence. For the following reasons, we affirm.

FACTS
An undercover agent working with the DeSoto Parish Sheriff's office approached Youngblood and asked to purchase $40 worth of "cheese" (crack cocaine). The undercover agent's vehicle being used was wired with surveillance equipment that allowed both audio and video transmission. Youngblood told the agent to get out of the vehicle, and the two walked behind a car-port where Youngblood searched the agent for a wire. Youngblood then sold the undercover agent crack cocaine which was bagged for evidence in front of the video camera. The agent and two coordinating officers from the sheriff's office testified at trial. The video of Youngblood approaching the truck and the agent bagging the evidence as well as the bag of crack cocaine were admitted into evidence.
On May 16, 2005, Youngblood was found guilty as charged by a jury and was sentenced on August 4, 2005. Youngblood filed an untimely motion to reconsider sentence on February 24, 2006, well outside the 30-day statutory period allowed to file such a motion under La. C. Cr. P. art. 881.1(A). The trial court granted a hearing on the motion at which time it was denied.

DISCUSSION
Youngblood seeks review of his sentence, claiming that the trial court failed to give sufficient consideration to mitigating factors when determining the sentence and arguing excessive sentence. Because Youngblood failed to file a timely motion for reconsideration, he is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La. 1993); State v. George, 39,772 (La.App.2d Cir.07/01/05), 908 So.2d 79. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123.
Here, the trial court considered the fact that Youngblood was a first felony offender, his young age, criminal history, limited employment history, and severe substance abuse problem before imposing a sentence of five years at hard labor, two years to be served without benefit of probation, parole, or suspension of sentence. The trial court reviewed the PSI report and found that any lesser sentence would deprecate the seriousness of the offense. Further, the trial court determined that Youngblood was in need of correctional treatment or a custodial environment. The trial court stated that any mitigating factors that might be relevant were outweighed by the seriousness of the offense. In addition, the trial court noted that Youngblood had pending charges, but clearly stated that Youngblood had not been convicted of those charges and that those charges were not considered as part of the sentencing proceeding.
After a thorough review of the record, we do not find the sentence to be excessive and not an abuse of the trial court's discretion. The sentence is lawful, considerably less than the maximum sentence of thirty years which could have been imposed, and is neither grossly disproportionate to the severity of the offense of conviction nor is it shocking to our sense of justice.

CONCLUSION
For the foregoing reasons, Youngblood's conviction and sentence is affirmed.
AFFIRMED.