940 So.2d 722 (2006)
STATE of Louisiana, Appellee
v.
Edwin LOTT, Appellant.
No. 41,426-KA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 2006.
James E. Beal, Jonesboro, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, John W. Montgomery, Assistant District Attorneys, for Appellee.
Before WILLIAMS, GASKINS and MOORE, JJ.
WILLIAMS, J.
A Webster Parish Grand Jury returned an indictment charging the defendant, Edwin Lott, with simple rape, in violation of LSA-R.S. 14:43(A)(2). The defendant entered a plea of guilty to the charge. The district court sentenced the defendant to serve a prison term of 20 years at hard labor without benefit of parole, probation or suspension of sentence. The defendant appeals. For the reasons that follow, we affirm the defendant's sentence.

FACTS
On January 8, 2005, a woman contacted the Minden Police Department and reported *723 that the defendant had been witnessed engaging in anal sex with the woman's mentally disabled brother. Two police officers went to the defendant's home and transported him to the police station. After being advised of his rights pursuant to Miranda v. Arizona,[1] the defendant stated to the officers that he and the victim had engaged in various sexual acts on several occasions. The defendant also admitted that he knew the victim possessed the mental capacity "of a teenager."[2]
The defendant was originally charged with aggravated rape. Subsequently, the grand jury returned an indictment for simple rape.[3] The defendant pled guilty as charged. The district court sentenced the defendant to serve 20 years in prison at hard labor without benefit of parole, probation or suspension of sentence. The district court denied the defendant's motion to reconsider sentence. The defendant appeals.

DISCUSSION
In his sole assignment of error, the defendant contends the sentence is excessive because he had only one prior misdemeanor conviction. The defendant also argues that he was 52 years old at the time of the offense, and a 20 year sentence "is essentially a life sentence."
When, as here, a defendant's motion for reconsideration urges merely that the sentence is excessive, he is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La. 1993); State v. Duncan, 30,453 (La.App. 2d Cir.2/25/98), 707 So.2d 164. The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is considered excessive if it is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. White, 37,815 (La.App. 2d Cir.12/17/03), 862 So.2d 1123.
A trial court has broad discretion to impose sentences within the statutory limits. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, XXXX-XXXX (La.5/16/00), 769 So.2d 1158; State v. Lingefelt, 38,038 (La.App. 2d Cir.1/28/04), 865 So.2d 280, writ denied, XXXX-XXXX (La.9/24/04), 882 So.2d 1165.
The crime of simple rape is punishable by imprisonment with or without hard labor, without benefit of parole, probation or suspension of sentence, for not more than 25 years. LSA-R.S. 14:43(B). As stated above, the defendant herein was sentenced to serve 20 years in prison at hard labor, without benefit of parole, probation or suspension of sentence.
*724 Prior to imposing the sentence, the district court reviewed the presentence investigation ("PSI") report and considered as a mitigating factor that the defendant's criminal history was limited to a misdemeanor theft conviction in 1986. The district court also recognized the defense counsel's argument that the defendant did not contemplate, at the time of the offense, that his conduct would cause or threaten serious harm. The district court stated that the PSI report showed that the victim suffered from serious emotional and mental distress as a result of the offense, and, since the rape, he has been frequently recommitted to mental health facilities due to problems related to his memories of the offense.
Furthermore, the district court found that the defendant was in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution and that there was an undue risk that during the period of a suspended sentence or probation, the defendant would commit another crime. The district court stated that a lesser sentence would deprecate the seriousness of the crime. The court further concluded that the defendant's conduct during the commission of the offense manifested deliberate cruelty to the victim, the defendant used his position as the victim's friend to facilitate the commission of the offense and the defendant knew or should have known that the victim was particularly vulnerable or incapable of resisting the acts due to his disability. Finally, the district court noted that the offense resulted in significant permanent injury or economic loss to the victim and his family.
We must first recognize that the district court incorrectly stated that the defendant had originally been formally charged with aggravated rape. The defendant was initially arrested and informally charged with aggravated rape. However, the indictment shows that the defendant was formally charged with simple rape. Therefore, we are aware that the defendant did not receive the benefit of a reduction in potential exposure to confinement through a reduced charge for this offense. However, as part of the plea agreement, the state agreed not to prosecute another charge.
Nevertheless, on this record, we do not find constitutional error. The sentence is lawful and is neither grossly disproportionate to the severity of the offense nor shocking to our sense of justice. There is no showing of an abuse of the district court's discretion in the imposition of this sentence. The defendant's argument lacks merit.

CONCLUSION
For the foregoing reasons, the sentence is affirmed.
AFFIRMED.
NOTES
[1] 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] A psychological examination revealed that the victim had a full scale IQ of 45 and the mental capacity of a child of 3-4-years of age.
[3] LSA-R.S. 14:43 provides, in pertinent part:

A. Simple rape is a rape committed when the anal, oral, or vaginal sexual intercourse is deemed to be without the lawful consent of a victim because it is committed under any one or more of the following circumstances:
* * *
(2) When the victim is incapable, through unsoundness of mind, whether temporary or permanent, of understanding the nature of the act and the offender knew or should have known of the victim's incapacity.
* * *
B. Whoever commits the crime of simple rape shall be imprisoned, with or without hard labor, without benefit of parole, probation, or suspension of sentence, for not more than twenty-five years.