982 So.2d 201 (2008)
STATE of Louisiana, Appellee
v.
Mark A. CROSS, Appellant.
No. 43,068-KA.
Court of Appeal of Louisiana, Second Circuit.
March 19, 2008.
*202 Carey J. Ellis, III, Louisiana Appellate Project, for Appellant.
Iley H. Evans, District Attorney, Ashley P. Thomas, Assistant District Attorney, for Appellee.
Before BROWN, WILLIAMS, and CARAWAY, JJ.
BROWN, Chief Judge.
Defendant, Mark A. Cross, was charged by bill of information with distribution of cocaine. After a jury trial, he was convicted as charged. The trial court imposed a 25-year sentence together with a $2,000 fine and fees. No motion for reconsideration was filed, although defendant now appeals, urging that his sentence is excessive. For the following reasons, defendant's sentence is amended and, as amended, affirmed.

Facts
The Caldwell Parish Sheriff's Office, with the assistance of officers from other parishes, was conducting an undercover operation on March 22, 2006, in Columbia, Louisiana. An undercover officer from the Richland Parish Sheriff's Department was to drive around an area of the city and attempt to make narcotics purchases. The officer who was to make the purchases traveled in one vehicle while three other officers rode in a second vehicle that maintained a short distance from the lead car. The officer in the lead vehicle wore a wire to record an audio of the transactions which the officers in the surveillance vehicle were able to hear in real time.
The undercover officer rode around the target area attempting to make a purchase. The officer used hand signals to attract the attention of various individuals, indicating that he was interested in purchasing narcotics. After several unsuccessful tries, the officer stopped at a gas station convenience store and purchased a "pop." As he continued his mission, the officer took a short cut to the street by traveling through the parking lot of several businesses. As the officer was doing so, he encountered defendant, who had been *203 riding a bicycle through the parking lot. The officer asked defendant if he knew where he could get a "twenty." Defendant told the officer that he did and told the officer to follow him to the "café." After driving a half mile to the "café," the officer waited for defendant to conduct the transaction. Defendant went into the "café," walked back out to the officer's vehicle and asked for the money for the "twenty."[1] The officer gave defendant a $20 bill, then defendant went back into the building and several minutes later returned with a rock of cocaine which he gave to the officer who left the area to meet with the surveillance officers, who took possession of the rock of cocaine.
Defendant was later charged by bill of information with distribution of cocaine. A unanimous jury found defendant guilty as charged. A presentence investigation was ordered and thereafter, on April 10, 2007, defendant was sentenced to 25 years of imprisonment with a $2,000 fine together with fees. No motion to reconsider was filed. This appeal followed.

Discussion
On appeal, defendant alleges that his sentence is disproportionate to the severity of the crime and, considering his substance abuse problems, the sentence makes no reasonable contribution to acceptable penal goals as the sentence is an imposition of pain and suffering. According to the state, however, the sentence is not excessive in light of the circumstances of the crime, defendant's criminal history, and the fact that a habitual offender bill of information was not filed.
When a defendant fails to timely file an La. C. Cr. P. art. 881.1 motion to reconsider sentence, as in this case, the appellate court's review is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Jones, 41,449 (La.App.2d Cir.09/20/06), 940 So.2d 61; State v. Duncan, 30,453 (La.App.2d Cir.02/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. Livingston, 39,390 (La.App.2d Cir.04/06/05), 899 So.2d 733; State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123.
The sentence imposed in this case is not constitutionally excessive. The trial court, with the benefit of a presentence investigation, imposed a 25-year sentence on this defendant. Through the information outlined in the PSI, the trial court was able to determine that defendant, a third felony offender, had previously enjoyed the benefit of probation and parole, and in each instance, he violated the terms of his release and was returned to incarceration. Defendant was, in fact, on parole at the time he committed the instant offense. A 25-year sentence imposed on this third felony offender with a history of drug offenses who has failed to alter his continued criminal behavior despite opportunities to reform is not grossly disproportionate to the severity of the offense nor is it shocking to the sense of justice.
Defendant contends that his sentence is an imposition of pain and suffering. While it is certain that some pain and suffering may result from defendant's incarceration, there is no needless infliction of pain and suffering that would render this sentence constitutionally excessive. State v. Smith, 01-2574 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). Defendant has previously received leniency *204 in other sentences yet has failed to reform his behaviors. It is apparent that the goals of punishment and rehabilitation cannot be achieved by a lesser sentence. This sentence is not constitutionally excessive.

Errors Patent
We have noted several errors patent on the record. First, the sentence imposed in this case is illegally lenient in two respects. The sentencing provision of the statute of conviction, La. R.S. 40:967(B)(4)(b), provides that a person convicted thereof shall be sentenced to a term of imprisonment at hard labor for not less than 2 years nor more than 30 years, with the first 2 years of the sentence to be without benefit of parole, probation, or suspension of sentence. The trial court failed to direct that the first 2 years of the sentence be served without benefit. This failure will be corrected automatically by operation of La. R.S. 15:301.1. Additionally, the trial court's failure to state that defendant's sentence be served at hard labor renders the sentence illegally lenient. La. C. Cr. P. art. 882(A) states that an illegal sentence may be corrected at any time by the court imposing the sentence or by an appellate court on review. Because this error will not automatically be corrected by operation of any statute, we amend the sentence to reflect that it is to be served at hard labor. See State v. Davis, 40,382 (La.App.2d Cir.10/26/05), 914 So.2d 1129, writ denied, 05-2419 (La.04/17/06), 926 So.2d 512.
Second, we note that at sentence the trial court did not fully advise defendant of the time period within which to apply for post-conviction relief under La. C. Cr. P. art. 930.8. The statute contains supplicatory language which does not bestow an enforceable right on an individual. Furthermore, this defect has no bearing on whether the sentence is excessive and, thus, is not grounds to reverse the sentence or to remand the case for resentencing. State v. Coleman, 41,764 (La.App.2d Cir.01/24/07), 949 So.2d 570, writ denied, 07-0459 (La.10/12/07), 965 So.2d 398. By this opinion defendant is advised that no application for post-conviction relief shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922.

Conclusion
For the reasons set forth above, defendant's sentence, as amended, is affirmed.
AMENDED and AS AMENDED, AFFIRMED.
NOTES
[1] A "twenty" is commonly known as a $20 rock of crack cocaine.