STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1565


STATE OF LOUISIANA

VERSUS

JAMES VINCENT ADAMS


**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 74102
HONORABLE LESTER P. KEES, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Sylvia R. Cooks, James T. Genovese, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

Hon. Asa A. Skinner
District Attorney - 30th JDC
Terry Wayne Lambright
Assistant District Attorney - 30th JDC
P.O. Box 1188
Leesville, LA 71446-1188
(337) 239-2008
Counsel for Appellee:
State of Louisiana

Peggy J. Sullivan
La Appellate Project
P. O. Box 2775
Monroe, LA 71207-2775
(318) 387-6124
Counsel for Defendant/Appellant:
James Vincent Adams

**Gremillion, Judge.**

Defendant, James Vincent Adams, was charged by bill of information with three counts of distribution of a schedule II controlled dangerous substance (cocaine), a violation of La.R.S. 40:967(A). On June 10, 2008, the Defendant entered into a plea agreement with the State and pled guilty to one count of distribution of cocaine, with the State agreeing to dismiss the other two counts and suggesting to the court that his sentence should be served concurrently with any other sentence being served. The Defendant was sentenced to serve eighteen years at hard labor with the first two years to be served without benefit of parole, probation, or suspension of sentence. The trial court also ordered the Defendant's sentence to run concurrently with any other sentence then being served.

The Defendant filed a motion to reconsider sentence, which was denied by the trial court. The Defendant is now before this court on appeal, asserting that his sentence is excessive. We affirm.

## FACTS:

As set forth by the court at the sentencing hearing on May 11, 2007, the Defendant sold cocaine to an undercover agent on three separate occasions. All three transactions were recorded on videotape. On May 24, 2007, the Defendant was arrested on three counts of distribution of cocaine.

## ASSIGNMENT OF ERROR:

In his sole assignment of error, the Defendant challenges the excessiveness of his sentence. This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive

1

sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [An] appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

The Defendant pled guilty to one count of distribution of cocaine, which, pursuant to La.R.S. 40:967(B)(4)(b), carries a sentencing range of two to thirty years with the first two years served without benefit of probation, parole, or suspension of sentence. Thus, the Defendant's sentence of eighteen years is within the statutory

2

sentencing range.

The Defendant apologized to his family and requested leniency from the court at the sentencing hearing. The trial court then discussed the factors set forth in La.Code Crim.P. art. 894.1, as follows:

> The Court ordered a pre-sentence investigation. I've received it and reviewed it in determining sentence today. Plus, I've also considered the following factors outlined under Code of Criminal Procedure Article 894.1 as follows: Was there any economic harm caused to a victim in this case? Well, not actually a victim as in the human being sense, but, victim to society is always harmed in some fashion when one uses or deals in illegal drugs. The Court found no substantial grounds exist that would tend to excuse or justify his conduct. He acted on his own free will and accord. He wasn't provoked by anyone to do the act that he committed.
>
> . . . .
>
> You are forty-two now. Okay. Forty-two years old, he has six children.
>
> . . . .
>
> He's married. He is in good health. His employment record consists of him working usually in the construction industry as a carpenter. He has worked as a cement finisher and a truck driver. He has a twelfth grade education. He has a history of drug and alcohol abuse. He has received treatment in the past at the Red River Treatment Center in 1998. There is not enough information furnished to determine whether or not he gained substantial income or resources from his illegal activity.

Next, the trial court noted the Defendant's extensive criminal history consisting of approximately seven misdemeanors and three prior felony drug convictions. The trial court informed the Defendant that as a fourth felony offender, he was not entitled to probationary treatment and stated that "any lesser sentence would deprecate the seriousness of the Defendant's conduct and the offenses for which he has been convicted of and being sentenced for today." The court stated that the Defendant was in need of correctional treatment in a custodial environment and that there was

3

an undue risk that during the suspension of any sentence or probationary period, the Defendant would commit another crime. The court then sentenced the Defendant to serve eighteen years at hard labor with the first two years to be served without benefit of parole, probation, or suspension of sentence.

On appeal, the Defendant contends that his sentence is "unconstitutionally harsh and excessive in light of the circumstances." The Defendant asserts that at sentencing, he showed remorse for his actions and argues that he has a substance abuse problem and needs treatment, not imprisonment. He also argues that his sentence will cause hardship to his six children, who rely on his income.

A review of the record reveals that the trial court reviewed the Defendant's presentence investigative (PSI) report and also considered as mitigating factors the Defendant's history with substance abuse and his family situation. Additionally, eighteen years at hard labor is within the range of sentences accepted by Louisiana courts for similarly situated offenders. *State v. Franklin*, 43,173 (La.App. 2 Cir. 9/17/08), 996 So.2d 387; and *State v. Cross*, 43,068 (La.App. 2 Cir. 3/19/08), 982 So.2d 201, *writ denied*, 08-1243 (La. 2/20/09), 1 So.3d 492.

The Defendant is a fourth felony offender with an extensive criminal history. He received a significant benefit from entering into a plea agreement in that two other charges were dismissed, and his sentence was not enhanced under the habitual offender law, which carries a mandatory minimum of thirty years at hard labor. *See* La.R.S. 15:529.1(A)(1)(c)(i). Further, given the trial court's considerations in fashioning the Defendant's sentence, the Defendant's mid-range sentence is not grossly disproportionate to the seriousness of the crime nor does it shock one's sense of justice. Accordingly, the Defendant's sentence is affirmed.

4

**DISPOSITION:**

The Defendant's sentence is affirmed.

**AFFIRMED.**