NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-564

STATE OF LOUISIANA

VERSUS

GUS JERROD MELBERT

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. 2012-1294
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.

AFFIRMED.

Paula C. Marx
Louisiana Appellate Project
Post Office Box 80006
Lafayette, Louisiana 70598-0006
(337) 991-9757
Counsel for Defendant/Appellant:
    Gus Jerrod Melbert

**H. Todd Nesom**
**District Attorney**
**Joe Green**
**Assistant District Attorney**
**Post Office Box 839**
**Oberlin, Louisiana  70655**
**(337) 639-2641**
**Counsel for Appellee:**
**State of Louisiana**

**KEATY, Judge.**

Defendant, Gus Jerrod Melbert, appeals his sentence as excessive. He further appeals his alleged uninformed and involuntary plea. For the following reasons, we affirm.

## PROCEDURAL BACKGROUND

On July 1, 2011, Detective Dewayne West received information that Defendant was selling crack cocaine, pills, and marijuana. Detective West subsequently found Defendant sitting in a parking lot. Defendant admitted to having illegal drugs on him. Defendant emptied his pockets which contained several rocks of crack cocaine, powdered cocaine, four hydrocodone pills, one oxycodone pill, and a small bag of marijuana packaged for street sale.

Defendant was subsequently charged as follows: Count (1), possession with the intent to distribute a Schedule II controlled dangerous substance, i.e., crack cocaine, in violation of La.R.S. 40:967(A)(1); Count (2), possession with the intent to distribute a Schedule II controlled dangerous substance, i.e., powder cocaine, in violation of La.R.S. 40:967(A)(1); Count (3), possession with the intent to distribute a Schedule II controlled dangerous substance, i.e., oxycodone, in violation of La.R.S. 40:967(A)(1); Count (4), possession with the intent to distribute a Schedule I controlled dangerous substance, i.e., marijuana, in violation of La.R.S. 40:966(A)(1); and Count (5), possession with the intent to distribute a Schedule III controlled dangerous substance, i.e., hydrocodone, in violation of La.R.S. 40:968(A)(1).

Defendant pled guilty to Count (1), possession of crack cocaine with the intent to distribute. The State dismissed the remaining counts. Defendant was sentenced to twenty years at hard labor and ordered to pay court costs. The trial

court ordered the sentence to run concurrently with the sentence imposed in trial court docket number 12-1295, which is before this court in appellate docket number 13-565. Additionally, the trial court ordered the first two years to be served without probation, parole, or suspension of sentence.

On appeal, Defendant challenges his sentence as excessive. He further challenges his alleged uninformed and involuntary plea.

## DISCUSSION

On appeal and in his original brief, Defendant asserts that his sentence is harsh and excessive for a disabled forty-six-year-old offender who needs substance abuse treatment and twice-weekly dialysis. In his supplemental brief, Defendant alleges that his guilty plea was uninformed and involuntary.

## I.     Errors Patent

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there are no errors patent. However, the minutes of sentencing are in need of correction. There is a discrepancy between the transcript of Defendant's sentencing proceeding and the sentencing minutes. The transcript reflects that the trial court ordered the first two years of Defendant's sentence to be served without the benefit of parole, probation, or suspension of sentence. However, that restriction is not reflected in the sentencing minutes. "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Accordingly, the trial court is ordered to correct the sentencing minutes to reflect that the first two years of Defendant's sentence are to be served without the benefit of parole,

2

probation, or suspension of sentence.  *See State v. Clayton*, 10-1303 (La.App. 3 Cir. 5/4/11), 64 So.3d 418.

## II.  Excessive Sentence

In his original brief, Defendant complains his sentence is excessive.

A review of the record indicates that Defendant filed a motion to reconsider sentence.  He asserted that the trial court failed to consider his poor health.  Defendant explained that he suffers from kidney failure and drug addiction.  He stated that he is administered dialysis treatment twice a week.  Defendant asserted that although he was a fifth offender, his crimes were non-violent.  Defendant argues the same grounds in this appeal.

In *State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59, this court explained in pertinent part:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment.  " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)).  Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713.  However, "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225.  The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> The fifth circuit, in [*State v.*] *Lisotta*, [98-648, p. 4 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57,] 58, [*writ denied*, 99-433 (La.6/25/99), 745 So.2d 1183,] stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:
>
> 1. The nature of the crime,

2. The nature and background of the offender, and

3. The sentence imposed for similar crimes by the same court and other courts.

**A.    Nature of the Crime**

In the present case and as mentioned above, the police received information that Defendant was selling crack cocaine, pills, and marijuana. An officer saw Defendant sitting in a parking lot. The officer approached Defendant and patted him down for weapons although none were found. Defendant admitted to the officer that he had illegal drugs on him. He emptied his pockets which contained several rocks of crack cocaine, powdered cocaine, four hydrocodone pills, an oxycodone pill, and a small bag of marijuana packaged for street sale in small bags.

**B.    Nature and Background of the Offender**

At the guilty plea proceeding, Defendant was forty-six years old. He completed the tenth grade and obtained his GED. Defendant explained that he was on disability for his kidney problems, high blood pressure, and heart.

At the sentencing hearing, the trial court stated in pertinent part:

[I] am aware of your dialysis, your kidney problems. I also take into consideration that statement just made by your defense counsel, the Pre-Sentence Investigation prepared by State of Louisiana, Division of Probation and Parole, and the record. Finally, I take into consideration the sentencing guidelines found in Code of Criminal Procedure Article 894.1. Basically, Mr. Melbert, you have spent all of your adult life in jail, looking at your history. Most of your felony convictions have been for violations of the Controlled Dangerous Substance Law, as is the two that we are doing today. You have one conviction for a crime of violence back in 1994, but the others have been for Controlled Dangerous Substance Law violations. You are considered a Fifth felony offender. You are not eligible for a suspended sentence. In determining your sentence the Court reviewed the record, as I said, and the factors in Code of Criminal Procedure Article 894.1. The Court finds no mitigating factors. And I further find that you are in need of a custodial environment that can best be provided by commitment to an institution. Possession with intent to distribute cocaine carries a sentence of two to thirty years at hard

4

labor, the first two year are to be served without benefit of probation, parole or suspension of sentence. As I have said, I have carefully considered everything today, and I am aware of your physical problems. But I don't find any substantial grounds to excuse or justify your conduct.

**C.    Sentence Imposed for Similar Crimes by the Same Court and Other Courts**

The penalty for a violation of La.R.S. 40:967 is two to thirty years at hard labor, with the first two years to be served without the benefit of probation, parole, or suspension of sentence. In the present case, the twenty-year sentence imposed is a mid-range to high-range sentence. Defendant was a fifth felony offender. Additionally, in exchange for the plea, the State dismissed four felony charges involving the intent to distribute drugs and agreed not to charge Defendant as a habitual offender.

In *State v. Ceaser*, 09-236 (La.App. 3 Cir. 11/4/09), 21 So.3d 1122, *writ denied*, 09-2734 (La. 6/4/10), 38 So.3d 300, the defendant was charged with possession of cocaine with intent to distribute. The trial court sentenced him to eighteen years at hard labor with the first two years to be served without the benefit of parole, probation, or suspension of sentence. This court affirmed the trial court's sentence. This court noted that the defendant's criminal history included multiple prior drug convictions. He was found in possession of three grams of crack cocaine and over fifty-one grams of powder cocaine. Additionally, a firearm was in the vehicle where the drugs were found.

In *State v. Bivens*, 11-156 (La.App. 3 Cir. 10/5/11), 74 So.3d 782, *writ denied*, 11-2494 (La. 3/30/12), 85 So.3d 115, this court affirmed a twelve-year sentence for possession of cocaine with intent to distribute. This court considered the defendant's prior history which included two prior arrests and probation for

drug offenses. The defendant was also on probation at the time of this offense and a firearm was involved.

In *State v. Cross*, 43,068 (La.App. 2 Cir. 3/19/08), 982 So.2d 201, *writ denied*, 08-1243 (La. 2/20/09), 1 So.3d 492, the second circuit affirmed a sentence of twenty-five years at hard labor with a $2,000 fine for a conviction of distribution of cocaine. The court considered that the defendant was a third-time offender and he was on probation at the time he committed the instant offense.

After applying the *Lisotta* factors, we find that the trial court did not abuse its discretion in imposing the twenty-year sentence.[1] Defendant was a multiple offender, and his prior crimes involved distribution of drugs. If the State would have charged Defendant as a fourth and subsequent offender and he had been found as such, he could have been sentenced to life imprisonment. *See* La.R.S. 15:529.1. Thus, his sentence was greatly reduced by the State dropping the additional charges and not charging him as a habitual offender. Accordingly, we find that Defendant's claim lacks merit.

## III. Uninformed and Involuntary Guilty Plea

In his supplemental brief, Defendant argues that his plea was uninformed and involuntary. He complains that he was supposed to enter a no contest plea, but instead he pled guilty. Defendant states in brief (footnotes omitted) in pertinent part:

> The court explained the consequences of a "No Contest" plea to Mr. Melbert, which would not have been necessary in a standard Boykinization. Despite the intent evidenced by the record, Gus Melbert indicated he was pleading guilty to the two counts of possession with intent to distribute cocaine.

---

[1] In addition to the cases cited in the opinion, *see State v. Adams*, 08-1565 (La.App. 3 Cir. 6/24/09), 13 So.3d 1237; *see also State v. King*, 10-1215 (La.App. 3 Cir. 4/6/11), 61 So.3d 810.

Remand should be ordered to determine whether Mr. Melbert's decision to plead "Guilty" was knowing and voluntary and further whether his intent to plead "No Contest" should be fulfilled.

At the beginning of the guilty plea proceeding, the State stated in pertinent part:

> [I]t is my understanding at this time he would like to withdraw his previously tendered not guilty pleas in those matters and at this time tender a plea of no contest. With regard to CR-2012-1295, Mr. Melbert will be tendering a plea of one count Possession with Intent to Distribute Schedule II, that is going to be to wit cocaine. . . .
>
> . . . .
>
> And then in CR-2012-1294, Mr. Melbert will be tendering a plea of guilty to one count Possession with Intent to Distribute Schedule II, that is going to be crack cocaine. And the State will be moving to dismiss the accompanying charges. And just for Bill of Information purposes, both of those, Your Honor, would be Count 1 on both of those Bills. And the State would be moving to dismiss the accompanying charges. And those are straight up pleas Your Honor.

In *State v. Cook*, 95-212, pp. 2-3 (La.App. 3 Cir. 10/18/95), 664 So.2d 489, 490-91, *rev'd on other grounds*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996), this court held in pertinent part:

> A plea of *nolo contendere* or "no contest" is equivalent to an admission of guilt and, with the exception of being unavailable as an admission in a civil trial, is treated as a guilty plea. *State v. Brown*, 490 So.2d 601 (La.App. 2 Cir.1986). Further, this court has held that a guilty plea will not be considered constitutionally valid unless it is made voluntarily by the defendant and with an understanding of the nature of the charge. *State v. Sepulvado*, 549 So.2d 928 (La.App. 3 Cir.1989). La.Code Crim.P. art. 559 states that "the court may permit a plea of guilty to be withdrawn at any time before sentencing." The trial judge has wide discretion in permitting a guilty plea to be withdrawn, but his discretion may not be exercised arbitrarily. *State v. Jenkins*, 419 So.2d 463 (La.1982). This court has held that a plea of guilty cannot be withdrawn after sentence has been imposed, unless it is shown the plea is constitutionally deficient. *State v. Deville*, 457 So.2d 864 (La.App. 3 Cir.1984).

7

In *State v. Nguyen*, 10-483, 10-898, p. 6 (La.App. 3 Cir. 2/2/11), 55 So.3d 976, 980-81, *writ denied*, 11-285 (La. 6/17/11), 63 So.3d 1038, this court held in pertinent part:

> In order for a guilty plea to be valid, there must be a showing that the defendant was informed of and waived his constitutionally guaranteed right to trial by jury, right of confrontation, and right against self-incrimination. *State v. Williams*, 02-0707 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095. In addition, under La. Code Crim.P. art. 556.1, a trial court shall not accept a guilty plea unless it advises the defendant of certain rights, including "the right to confront and cross-examine witnesses against him."

In the present case, the trial court informed Defendant that while he was entering a plea of no contest and he was not admitting to committing the crime, the plea acted as a conviction. The trial court advised Defendant of his *Boykin*[2] rights and his right to confront and cross-examine witnesses. Defendant waived these rights. The State gave a factual basis for the plea and when asked how do you plead, Defendant stated "[g]uilty." Although Defendant responded guilty, he fails to show what prejudice, if any, he suffered as a result. Moreover, Defendant fails to show how this response rendered his plea uninformed and involuntary. Accordingly, we find that this claim lacks merit.

## DECREE

The trial court's ruling regarding Defendant's sentence is affirmed. The trial court is further ordered to amend the minutes to accurately reflect the sentencing transcript.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

---

[2] In *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969), the Supreme Court held that guilty pleas are enforceable only if taken voluntarily and intelligently.

8