942 So.2d 618 (2006)
STATE of Louisiana, Appellee,
v.
Alexis SMITH, Appellant.
No. 41,544-KA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2006.
*619 Louisiana Appellate Project by Laura Pavy, for Appellant.
Don Burkett, District Attorney, Michael E. Daniel, Assistant District Attorney, for Appellee.
Before STEWART, GASKINS & MOORE, JJ.
MOORE, J.
Defendant, Alexis Smith, was convicted by a jury of armed robbery and two counts of attempted first degree murder. The trial court granted Defendant's motion to modify his conviction, thereby reducing one count of attempted first degree murder to aggravated battery. The trial court sentenced Defendant to 40 years at hard labor for armed robbery, 30 years for attempted first degree murder and 10 years for aggravated battery, all to run concurrently. Defendant's motion to reconsider his sentences was denied. On appeal, Defendant seeks review of his sentences, arguing that the sentences are excessive. For the reasons stated herein, Defendant's sentences are affirmed.

DISCUSSION
When, as here, a defendant's motion for reconsideration urges merely that the sentence is excessive, he is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La. 1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123. As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Grissom, 29,718 (La.App.2d Cir.8/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La. App. 2d Cir.1991).
The evidence presented at trial showed that, on November 26, 2004, Defendant robbed patrons of Wilbert's Country Kitchen and Barbeque because he wanted to recoup money he had lost there earlier in the evening during an illegal dice game. Defendant, armed with a nickel-plated revolver and wearing a bandana around his face, fired shots in the air, told everyone to get on the floor and demanded money. During this time, he shot Lincoln Howard in the leg. After wrestling with restaurant owner Wilbert Bowers, Defendant shot Mr. Bowers in the thigh and threatened to kill him if he did not give him more money. When Defendant realized that he had gotten all the money available, he slammed the door behind him and fired more shots into the restaurant. As soon as Defendant left, Mr. Bowers and other customers got their guns and started shooting after him. Mr. Bowers and another customer, Danny Brokenberry, testified that they recognized the robber as Defendant because they saw him there regularly and rode horses with him, and the robber was wearing the same clothes that Defendant had been wearing earlier in the evening. Mr. Bowers testified that the bandana Defendant used as a mask had been worn around his neck when he was there earlier.
In his motion to reconsider sentence, Defendant argued that his sentences were excessive based upon the fact that he had not shown violent behavior prior to these *620 charges. At sentencing, the trial court considered the facts of the case, the fact that Defendant had been on probation in Arkansas for possession of a Schedule II controlled dangerous substance at the time of the offense, the pre-sentence investigation report and a letter Defendant wrote to the trial court. The trial judge stated that he hoped Defendant's time during incarceration would help him understand the error of his ways and that this type of behavior is totally unacceptable.
On this record, we do not find constitutional error. Defendant was given a midrange sentence for armed robbery and attempted first degree murder, which is neither grossly disproportionate to the severity of the offense nor shocking to our sense of justice. While Defendant was given the maximum sentence for the aggravated battery of Mr. Howard, the ten-year sentence is proportional to the severity of the offense, especially in light of the lifelong damage to Mr. Howard's leg. There is no showing of an abuse of the district court's discretion in the imposition of these sentences.
In regard to errors patent, this Court notes that the trial court failed to state that Defendant's sentences for armed robbery and attempted first degree murder are to be served without benefit of parole, pardon or suspension of sentence. In accordance with La. R.S. 15:301.1, those sentences are deemed to be served without benefit of parole, pardon or suspension of sentence despite the trial court's omission at sentencing.

CONCLUSION
For the foregoing reasons, the sentences of Defendant, Alexis Smith, are affirmed.
AFFIRMED.