945 So.2d 897 (2006)
STATE of Louisiana, Appellee
v.
Gregory JACOBS, Appellant.
No. 41,663-KA.
Court of Appeal of Louisiana, Second Circuit.
December 13, 2006.
Connie Hanes, Louisiana Appellate Project, for Appellant.
J. Schuyler Marvin, District Attorney, Dale Montgomery, John Michael Lawrence, Assistant District Attorneys, for Appellee.
Before BROWN, LOLLEY, and SEXTON (Pro Tempore), JJ.
BROWN, Chief Judge.
A jury found defendant, Gregory Jacobs, guilty as charged of forcible rape, a violation of La. R.S. 14:42.1. Defendant has appealed as excessive his 30-year hard labor sentence. Finding no error, we affirm.

Discussion
The evidence presented at trial showed that, on September 7, 2004, the 14-year-old victim was staying home from school because of illness while her mother went to work. The victim knew that her mother's boyfriend, the defendant, Gregory Jacobs, would be coming to the apartment to pick up her little sister, a child he had fathered with the victim's mother. The victim testified that when she woke up, defendant had already taken off her pajama bottoms and panties and was putting his penis inside her vagina. The victim stated that she told him to stop and tried to fight him, but he put his entire weight on her so that she could not move. The victim testified that defendant told her that if she would let him continue, he would put money under her pillow. The victim also stated that defendant threatened to kill her if she ever told anyone what he did, and that he would also kill whomever she told. The victim reported the rape to her aunt, who told her mother, and her mother called the police. The victim also testified that defendant had been sexually abusing her since she was nine or ten years old. The state presented forensic evidence showing that defendant's DNA was found inside the victim's panties. Defendant did not testify.
*898 When, as in the instant case, a defendant's motion for reconsideration urges simply that his sentence is excessive, he is relegated to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Masters, 37,967 (La.App.2d Cir.12/17/03), 862 So.2d 1121; State v. Duncan, 30,453 (La.App.2d Cir.02/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. Livingston, 39,390 (La.App.2d Cir.04/06/05), 899 So.2d 733; State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123. As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Brisco, 33,179 (La.App.2d Cir.04/05/00), 756 So.2d 644, writ denied, 00-1478 (La.05/25/01), 792 So.2d 749; State v. Grissom, 29,718 (La.App.2d Cir.08/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991).
In his motion to reconsider sentence, defendant argued that his sentence was constitutionally excessive. At sentencing, the trial court noted that the defendant was 34 years old at the time of the offense and the victim was 14 years old; defendant was single and the father of three children; and defendant had a job as a mechanic. The trial court also considered the facts contained within the PSI report; that the forcible rape statute requires a mandatory sentence; that defendant had an extensive criminal history for domestic violence; that the victim was especially vulnerable to defendant due to her youth; that defendant used his position or status to facilitate the offense; that there was no provocation or justification for his behavior; and that defendant's conduct resulted from circumstances likely to occur again. The trial court found that defendant was in need of correctional treatment and that a lesser sentence would deprecate the seriousness of his offense.
We note that the evidence presented warranted an aggravated rape charge which carried a mandatory life sentence without benefit of parole, probation, or suspension of sentence.[1] On this record, defendant's sentence is not excessive. While defendant was given a sentence in the upper range for this offense, the sentence is lawful and is neither grossly disproportionate to the severity of the offense nor shocking to our sense of justice. There is no showing of an abuse of the trial court's discretion in the instant case.
Therefore, defendant's sentence is AFFIRMED.
NOTES
[1] If the state had pursued the victim's allegations of ongoing sexual abuse which began when she was nine or ten years old, then a capital verdict would have been a possibility.