954 So.2d 804 (2007)
STATE of Louisiana, Appellee,
v.
Donnie TAYLOR, Appellant.
No. 41,898-KA.
Court of Appeal of Louisiana, Second Circuit.
April 4, 2007.
*805 Peggy J. Sullivan, Louisiana Appellate Project, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Dale Montgomery, Assistant District Attorneys, for Appellee.
Before GASKINS, CARAWAY and MOORE, JJ.
GASKINS, J.
The defendant, Donnie Taylor, entered a plea of guilty to attempted aggravated rape, a violation of La. R.S. 14:42 and 14:27. He was sentenced to serve 50 years at hard labor without benefit of parole, probation, or suspension of sentence. The defendant was granted an out-of-time appeal in which he argues that his sentence is excessive. For the following reasons, we affirm the conviction and sentence.

FACTS
The defendant was originally charged with aggravated rape of a six-year-old child. The offense allegedly occurred between May 1 and June 15, 2003. Pursuant to a guilty plea agreement, the defendant was allowed to enter a plea of guilty to the reduced charge of attempted aggravated rape. On February 27, 2006, the defendant was sentenced to serve 50 years at hard labor, without benefit of parole, probation, or suspension of sentence, with credit for time served.
On April 7, 2006, the defendant filed a motion for reconsideration of sentence, arguing that the sentence should be reduced. The motion was denied by the trial court.[1] In June 2006, the defendant applied for an out-of-time appeal which was granted by the trial court. On appeal, the defendant argues that the court imposed an unduly harsh and excessive sentence and failed to sufficiently consider the guidelines of La. C. Cr. P. art. 894.1 in fashioning a sentence.

DISCUSSION
When, as in the instant case, a defendant's motion for reconsideration urges simply that his sentence is excessive, he is relegated to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Jacobs, 41,663 (La. App.2d Cir.12/13/06), 945 So.2d 897; State v. Smith, 41,544 (La.App.2d Cir.11/1/06), 942 So.2d 618. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. Smith, supra. As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Jacobs, supra; State v. Smith, supra.
Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the district court has wide discretion in imposing *806 even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
In sentencing the defendant, the trial court considered a presentence investigation report (PSI). The court also heard a statement by the defendant, read by his lawyer, in which the defendant expressed remorse for the offense. In sentencing the defendant, the court noted that the present offense was the defendant's second conviction for attempted aggravated rape. In 1993, he was convicted of a similar offense and was paroled in 1997. The court noted that the defendant was a danger to society and was a sexual predator of small children. The court found that the defendant was in need of correctional treatment most effectively provided by commitment to an institution and that a lesser sentence than that actually imposed would deprecate the seriousness of the offense. The court found that the victim was particularly vulnerable due to extreme youth and that the child had suffered severe emotional problems as a result of this offense. The court found that these circumstances were likely to recur.
Under the aggravated rape statute, La. R.S. 14:42, as originally charged, the defendant faced a mandatory sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Further, due to the youth of the victim, the state could have chosen to seek the death penalty. By pleading guilty to the lesser offense of attempted aggravated rape, the defendant's maximum sentence exposure was reduced to 50 years at hard labor without benefit of parole, probation, or suspension of sentence. Even though the maximum sentence was imposed here, we do not find constitutional error. Due to the youth of the victim and the benefit afforded the defendant by virtue of his plea agreement and, in light of his prior conviction for an almost identical crime, the sentence is lawful. It is neither grossly disproportionate to the severity of the offense, nor is it shocking to our sense of justice. It is tailored to the offender and the offense. There is no showing of an abuse of the trial court's discretion in the imposition of this sentence.

CONCLUSION
For the reasons set forth above, the conviction and sentence of the defendant, Donnie Taylor, are affirmed.
AFFIRMED.
NOTES
[1] The motion for reconsideration of sentence was denied by the trial court even though it was not filed within the 30-day time limit set forth in La. C. Cr. P. art. 881.1.