973 So.2d 894 (2007)
STATE of Louisiana, Appellee,
v.
Nicholas D. SHORTS, Appellant.
No. 42,854-KA.
Court of Appeal of Louisiana, Second Circuit.
December 19, 2007.
Mark O. Foster, Louisiana Appellate Project, for Appellant.
*895 Jerry L. Jones, District Attorney, John Michael Ruddick, Assistant District Attorney, for Appellee.
Before BROWN, STEWART, and CARAWAY, JJ.
BROWN, Chief Judge.
Defendant, Nicholas D. Shorts, pled guilty to two counts of aggravated battery and was sentenced to concurrent terms of 10 years at hard labor with no diminution of sentence for good behavior. Defendant has appealed his sentences as excessive. Finding no error, however, we affirm.

Facts
The charges against defendant stem from an April 13, 2005, fight at Banana Bob's Cantina in Monroe, Louisiana. The victims, Clifton Straughter and Randall Harris, were patrons at the club, as was defendant. The cause of the fight is unclear from the record. What the record does reveal is that during the fight, defendant produced a knife and stabbed Straughter several times in the back, once in the stomach, and once in his upper left leg. Harris intervened to stop the attack and defendant stabbed him once in his upper left chest. Both victims were seriously injured. Straughter was hospitalized for six days in the intensive care unit, and Harris spent two days in the hospital.
Witnesses and the victims related that the attack was unprovoked. In a photographic line-up, both victims identified defendant as their attacker. On June 15, 2005, defendant was charged by bill of information with two counts of attempted second degree murder. After a preliminary examination hearing, the trial court found there was probable cause to support a charge of one count of attempted second degree murder as to Clifton Straughter and one count of aggravated battery as to Randall Harris.
Pursuant to a plea agreement, defendant pled guilty to two counts of aggravated battery. There was no agreement as to sentence length, but the state and defendant agreed that the sentences would be concurrent. The trial court ordered a Pre-Sentence Investigation ("PSI") report and subsequently sentenced defendant to ten years at hard labor on each count, with the terms to run concurrently. Defendant filed a timely motion to reconsider his sentences, which was denied. This appeal ensued.

Discussion
Because defendant's motion for reconsideration urges only that his sentence is excessive, he is relegated to a review for constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Smith (I), 41,544 (La.App.2d Cir.11/01/06), 942 So.2d 618, writ denied by State ex rel. Smith v. State, 06-3015 (La.10/05/07), 964 So.2d 379. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith (II), 01-2574 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.01/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La. App.2d Cir.04/02/97), 691 So.2d 864.
A trial court has broad discretion in sentencing offenders. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.05/16/00), 769 So.2d *896 1158; State v. June; 38,440 (La.App.2d Cir.05/12/04), 873 So.2d 939.
We do not find an abuse of the trial court's discretion in this case. The offenses to which defendant pled guilty were violent crimes, and at least one of his victims received life-threatening injuries. Each count carried a possible maximum sentence of ten years at hard labor. The trial court found probable cause to support an attempted second degree murder charge against defendant for his attack on Clifton Straughter. Although defendant was a first felony offender, the trial court noted that his criminal history included arrests for simple battery and criminal trespass in 2002, a conviction for simple battery in 2004, and the court observed that while defendant was on bond for the instant offenses, he was arrested for criminal trespass, aggravated battery, and simple assault with a weapon.[1] Defendant also had a pending drug charge. The PSI reveals that defendant admitted to the probation officer that he has an "anger problem and that he can't control his temper at times." The court also took into consideration defendant's age and social history in imposing sentence.
In light of the nature of the offenses and defendant's criminal history, the court found that defendant would continue to commit violent crimes absent correctional treatment and that a lesser sentence would deprecate the seriousness of the instant offenses. The court then imposed the ten-year concurrent sentences.
In light of the record, particularly considering defendant's demonstrated violent nature, the ten-year concurrent sentences do not shock our sense of justice. Defendant received the benefit of a favorable plea bargain and potentially avoided a much lengthier sentence had he been found guilty of attempted second degree murder.

Conclusion
For the reasons set forth above, defendant's convictions and sentences are AFIRMED.
NOTES
[1] Defendant pled guilty to an amended charge of illegal use of a weapon and served 90 days in jail.