PITMAN, J.
| defendant Charles Marcus McCauley was convicted of resisting an officer by force or violence in violation of La. R.S. 14:108.2 and sentenced to serve two years at hard labor. Defendant now appeals his conviction and sentence. For the reasons stated herein, we affirm.
FACTS
On January 2, 2012, Shreveport City Police were called to the scene of a fight between backyard neighbors on Oak Street and Holly Street. After questioning the .neighbors on Oak Street and charging them with disturbing the peace by fighting, the officers drove to Holly Street to question Defendant about the argument. Defendant was extremely agitated and belligerent and would not cooperate with the police. The officers arrested him for disturbing the peace by fighting; and, during the arrest, Defendant resisted efforts to detain him by kicking and cursing at the police officers and by continuing to behave violently over a four-hour time period. He was eventually charged by bill of information with resisting an officer by force or violence.
At the jury trial, Officer James Tilley of the Shreveport Police Department testified that he and other officers were dispatched at 12:50 a.m. in response to a call about a fight between neighbors, and he was informed by Oak Street residents that their neighbor, Defendant, had been harassing them and shooting fireworks at them over a six-foot fence which divided their properties. Officer Tilley also testified that they were unable to get through the fence, so they drove to Holly Street where they attempted to question Defendant about the fight. Officer Tilley testified that it was dark Land they could not see Defendant very well, so they ordered him to get on the ground for their safety. Defendant refused. He was extremely agitated and refused to calm down or to give the officers any information regarding .the fight. He began yelling obscenities at the officers. Officer Tilley further testified that Defendant smelled strongly of alcohol and had minor cuts and abrasions on his arm from the altercation with his neighbors. Video and audio recordings of the incident were played in court, which supported Officer Tilley’s version of the events.[1]
Since Defendant was uncooperative and continued to be combative and aggressive, he was placed under arrest for disturbing the peace by fighting. While the officers were attempting to place him under arrest, Defendant “donkey-kicked” the officers and resisted their efforts to detain him. Officer Tilley testified that an EMT examined Defendant’s cuts and bruises at the scene, notwithstanding Defendant’s complaints that his rights were being violated by the officers’ refusal to have his cuts treated. When the officers attempted to place Defendant in the police unit, he kicked the door, banged his head against the glass and shouted profanities and threats at the officers.
Officer Tilley stated that, once they arrived at the jail, the officers observed that Defendant was still bleeding and a decision was made to transport him to LSU Medical Center for treatment. Officer Tilley further stated that he requested a re *599 straining device called a hobble from one of the other officers in order to place Defendant in the car. They were suecessful 18in placing the hobble on Defendant, but only after both officers were “kneed” in the legs and chest by Defendant. When they finally reached the hospital, Defendant would not exit the car and three officers were forced to get him out and in a wheelchair.
Officer John Lee testified that Defendant was already in handcuffs and under arrest when he arrived at the Oak/Holly Street scene. He stated that Defendant was cursing everyone around him and refused to get into the police car. Officer Lee further stated that other officers had to lift Defendant off the ground and force him into the car. He also testified that, at the jail, when someone was trying to look at Defendant’s cuts, Defendant grabbed the person’s elbow and spun him around. It took three jailers and two officers to subdue Defendant so his injuries could be checked.
Officer Lee also corroborated testimony that, when Defendant was transported to the hospital for stitches, he kicked the vehicle seats, windows and barricade while yelling and cursing. He also witnessed Defendant kick one of the officers in the chest when the officer tried to place the hobble on Defendant.
Officer Hai Phan testified that he was the officer who responded to Officer Til-ley’s request for a hobble and that he also was kicked by Defendant in the chest several times as he tried to put the hobble on him. Officer Phan also stated that Defendant “kneed him,” yelled profanities and kicked the car door. Once the hobble was secured, Defendant began bashing his head against the window. Officer Phan testified that Defendant was intoxicated and that he threatened violent harm. He also testified that |4Pefendant “locked his body up” at the hospital, and it took several officers to get him in the wheelchair. Defendant began spitting on the officers, so a mask was placed on him to prevent the spread of bodily fluids.
Defendant’s girlfriend, Jennifer Joiner, who testified that she was there the night of the fight, stated that Defendant never resisted the officers or kicked them, and he only screamed because he had been in a fight. She claimed Defendant fully complied with the officers’ demands and never used any profanity.
Defendant testified that the officers refused to tell him why he was being arrested and that they refused to get him medical attention. He claimed he had been fighting for over an hour over a three-foot chain link fence in his back yard, with 12 people on the other side of the fence beating him. He claimed that one person hit him on the head with a board and that he was “punch drunk.” Defendant also testified that he was not hostile to the officers and that he had complied with their requests without complaint. He admitted he used profanity, but denied kicking anyone, spitting on anyone or threatening anyone. Defendant also claimed that,the officers punched him, kicked him, “tased” him below the shoulder blades and called him a meth head,. crack head and dope fiend. He stated that the officers beat him up all the way to the hospital.
The six-person jury returned a unanimous verdict finding Defendant guilty as charged of resisting an officer with force or violence. Defendant filed a motion for new trial, claiming the verdict was contrary to the law and the evidence. He also filed a motion for post-verdict judgment of acquittal Land claimed the state failed to prove, beyond a reasonable doubt, that the evidence was sufficient to support a guilty verdict.
*600 The trial court denied both motions. Defendant waived sentencing delays, and the trial court held a sentencing hearing that same day. At the hearing, David Helms, a legal assistant for Defendant’s attorney in other matters, testified about Defendant’s personal life, that he had known Defendant for a long time and that he believed Defendant was working hard and making progress in improving his life. Defendant then addressed the court, apologizing for his behavior and asking for leniency.
The trial judge stated that he had considered a letter from Defendant’s mother and that he had reviewed Defendant’s criminal history, which included both convictions and dismissed charges. Defendant’s criminal history began in 1996 and continued until the present charge in 2012, and included such crimes as resisting an officer, simple burglary, possession of drug paraphernalia, eyberstalking, disturbing the peace and carrying illegal weapons. In 2011, Defendant was investigated for threatening to kill employees of the Louisiana Department of Child and Family Services. For this crime, he was charged with threatening a public official. Defendant pled guilty to that misdemeanor offense and was ordered to pay a fine and court costs.
The trial judge noted that these events were significant in evaluating Defendant’s character and attitude and showed that he had been treated fairly and with leniency. The trial judge also noted Defendant’s personal history and, while accepting Defendant’s apology as sincere, noted that the | ^incident at issue in this case occurred over a span of four hours, involved three police officers and could have been charged as three separate counts of resisting arrest by use of force or violence. The trial judge stated that, after considering all the factors of La. C. Cr. P. art. 894.1, he had originally determined to impose the maximum sentence of three years upon the Defendant; however, after hearing Defendant’s apology, he decided to impose a reduced term of two years at hard labor. The trial judge also recommended that Defendant take part in the Department of Corrections’ re-entry program and the IMPACT program.
Defendant filed a motion to reconsider sentence and argued that the trial court did not give sufficient reasons to deny probation when he had no prior felonies. He also argued that the trial court considered prior arrests that did not result in convictions and failed to consider other facts, such as that he was gainfully employed, that he was intoxicated at the time of the offense, that his neighbors had been the aggressors and that the officers did not sustain any injuries that required treatment. The motion to reconsider sentence was denied. This appeal followed.
DISCUSSION

Sufficiency of the Evidence:

Defendant’s first assignment of error is that the evidence adduced at trial does not support the verdict of guilty of the offense of resisting an officer by force or violence. Defendant argues that he did not use threatening force or violence against any of the officers. He asserts that the officers’ testimony regarding who got kicked and how many times was both ^inconsistent and contradictory. He also argues that his cursing and kicking the vehicle are irrelevant to the issue of whether he resisted arrest by force or violence and that his actions did not support a conviction for that offense.
In opposition, the state argues that the cumulative testimony of the officers showed that Defendant was combative and uncooperative to the point that he had to *601 be further restrained by use of a hobble device. The officers were specific in their testimony that the contact here was not slight — Defendant deliberately kicked them. The state argues that, in weighing the officers’ testimony against the testimony of Defendant and his girlfriend, the jury found the officers’ testimony to be more credible.
The proper test for determining a claim of insufficiency of evidence in a criminal case is whether, on the entire record, and in a light most favorable to the prosecution, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Tate, 01-1658 (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Carter, 42,894 (La.App.2d Cir.1/9/08), 974 So.2d 181, writ denied, 08-0499 (La.11/14/08), 996 So.2d 1086.
The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Eason, 43,788 (La.App.2d Cir.2/25/09), 3 So.3d 685, vnit denied, 09-0725 (La.12/11/09), 23 So.3d 913, cert. denied, — U.S. -, 130 S.Ct. 3472, 177 L.Ed.2d 1068 (2010).
Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Allen, 36,180 (La.App.2d Cir.9/18/02), 828 So.2d 622, writs denied, 02-2595 (La.3/28/03), 840 So.2d 566, 02-2997 (La.6/27/03), 847 So.2d 1255, cert. denied, 540 U.S. 1185, 124 S.Ct. 1404, 158 L.Ed.2d 90 (2004).
The trier of fact is charged to make a credibility determination and may, within the bounds of rationality, accept or reject the testimony of any witness; the reviewing court may impinge on that discretion only to the extent necessary to guarantee the fundamental due process of law. State v. Casey, 99-0023 (La.1/26/00), 775 So.2d 1022, cert. denied, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000).
La. R.S. 14:108.2 states that:
A. Resisting a police officer with force or violence is any of the following when the offender has reasonable grounds to believe the victim is a police officer who is arresting, detaining, seizing property, serving process, or is otherwise acting in the performance of his official duty:
(1) Using threatening force or violence by one sought to be arrested or detained before the arresting officer can restrain him and after notice is given that he is under arrest or detention.
(2) Using threatening force or violence toward or any resistance or opposition using force or violence to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.
19(3) Injuring or attempting to injure a police officer engaged in the performance of his duties as a police officer.
(4) Using or threatening force or violence toward a police officer performing any official duty.
B. For purposes of this Section, “police officer” shall include any commissioned police officer, sheriff, deputy sheriff, marshal, deputy marshal, correctional officer, constable, wildlife enforcement agent, state park *602 warden, or probation and parole officer.
C. Whoever commits the crime of resisting an officer with force or violence shall be fined not more than two thousand dollars or imprisoned with or without hard labor for not less than one year nor more than three years, or both.
Officer Tilley was a police officer acting in the performance of his official duty. He arrived in a marked police car, wearing his police uniform, and identified himself and his purpose to investigate the call about the fight. The officer is heard on the audio recording telling Defendant that he was under arrest for disturbing the peace by fighting. Defendant refused to cooperate with the officers as they attempted to investigate the call and after they arrested him. He is heard on the tape threatening to kill the officers if they take him to jail. Defendant kicked the officers as they attempted to place a nylon restraint on him to stop his thrashing and kicking at and in the police car. The fact that Defendant’s kicks did not injure the officers to the point of requiring medical attention is irrelevant and is not a required element of the offense. The testimony by Defendant and his girlfriend that he cooperated with the officers’ every request and never yelled or kicked was refuted by the video and audio recordings and the testimony of the three officers. The evidence was sufficient to prove, beyond a reasonable doubt, all the required elements of the offense.
| inFor the foregoing reasons, this assignment of error lacks merit.

Excessive Sentence:

Defendant also argues that the sentence of two years at hard labor is constitutionally excessive and is no more than a needless imposition of pain and suffering.
Defendant asserts that the trial court erred by not sufficiently considering Mr. Helms’ testimony that his behavior was improving and by not placing him on probation. He states that his sentence is excessive in light of the fact that the officers were not physically injured. Although he was loud and profane, he argues that he is not the worst of offenders and that his actions do not constitute the worst offense. He also argues that the imposed sentence of two years’ imprisonment at hard labor is not justified under these facts and serves no purpose.
In opposition, the state raises the trial court’s comment that, under the circumstances, Defendant could have been charged with three separate counts of resisting an officer with force or violence. After weighing Defendant’s criminal history against his personal issues, his apology and Mr. Helms’ testimony, the trial court opted to impose a sentence of only two years instead of the maximum.
The trial court has wide discretion in imposing sentence within minimum and maximum limits allowed by the statute; therefore, a sentence will not be set aside as excessive unless the defendant shows the trial court abused its discretion. State v. Young, 46,575 (La.App.2d Cir.9/21/11), 73 So.3d 473, writ denied, 11-2304 (La.3/9/12), 84 So.3d 550. The Inreviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused its discretion. State v. Esque, 46,515 (La.App.2d Cir.9/21/11), 73 So.3d 1021, writ denied, 11-2347 (La.3/9/12), 84 So.3d 551.
An excessive sentence is reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1 and whether the sentence is constitutionally *603 excessive. State v. Gardner, 46,688 (La.App.2d Cir.11/2/11), 77 So.3d 1052. Where the defendant’s motion to reconsider sentence alleges mere excessiveness of sentence, on appeal the reviewing court is limited to considering whether the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Boyd,, 46,321 (La.App.2d Cir.9/21/11), 72 So.3d 952.
A review of the sentencing guidelines does not require a listing of every aggravating or mitigating circumstance; the trial court need only articulate a factual basis for the sentence. State v. Cunningham, 46,664 (La.App.2d Cir.11/2/11), 77 So.3d 477. The defendant’s personal history and criminal record, as well as the seriousness of the offense, are some of the elements considered, but the trial court is not required to weigh any specific matters over other matters. State v. Moton, 46,607 (La.App.2d Cir.9/21/11), 73 So.3d 503, writ denied, 11-2288 (La.3/30/12), 85 So.3d 113. All convictions and all prior criminal activity may be considered as well as other evidence normally excluded from the trial. State v. Platt, 43,708 (La.App.2d Cir.12/3/08), 998 So.2d 864, writ denied, 09-0265 (La.11/6/09), 21 So.3d 305. Maximum sentences are generally reserved for the worst offenses and offenders. State v. Taylor, 41,898 (La.App.2d Cir.4/4/07), 954 So.2d 804.
Under constitutional review, a sentence can be excessive, even when it falls within statutory guidelines, if the punishment is so grossly disproportionate to the severity of the crime that it shocks the sense of justice and serves no purpose other than to inflict pain and suffering. State v. Fatheree, 46,686 (La.App.2d Cir.11/2/11), 77 So.3d 1047.
The imposed sentence of two years’ imprisonment at hard labor falls within the sentencing guidelines provided in La. R.S. 14:108.2 and, so, is not illegal. The trial court reviewed the sentencing guidelines and weighed the facts of this case and the pattern of Defendant’s criminal history against his personal history, his apology to the court and other mitigating testimony. The trial court found Defendant’s behavior was outrageous and that he could have faced two additional counts of the offense since three officers were involved.
Defendant’s behavior was more than a mild resistance to arrest. He persisted in forcefully resisting arrest over the course of several hours and to the extent that the officers had to restrain him with more than just handcuffs. His criminal history shows a pattern of resistance and threatening behavior toward others.
Based on the foregoing facts, the sentence imposed is not disproportionate to the severity of the crime committed and does not shock the sense of justice. Therefore, the imposed sentence is not constitutionally excessive and this assignment of error lacks merit.
| ^CONCLUSION
For the foregoing reasons, the conviction and sentence of Defendant, Charles Marcus McCauley, are affirmed.
AFFIRMED.

. The video was from the mobile video system that recorded audio from Officer Tilley’s personal microphone and both audio and visual from his police vehicle.