DREW, J.
|, Michael W. Stringer pled guilty, as originally charged, to one count of distribution of a Schedule III controlled dangerous substance (hydrocodone), contrary to La. R.S. 40:968(A)(1). He was sentenced to 10 years at hard labor. He now appeals, alleging constitutional excessiveness. We affirm.
FACTS
On May 23, 2014, the defendant sold one hydrocodone pill to a confidential informant in exchange for $20.00. On August 17, 2015, the trial court accepted the guilty plea, ordered a presentence report, and set sentencing for October 30, 2015. On that date, the trial court sentenced the defendant to 10 years at hard labor with a recommendation that he participate in any available substance abuse programs.
At sentencing, the trial court noted the receipt and review of the presentence investigation report, and specifically noted that the defendant:
• expressed remorse for his actions;
• has a fiancée with medical and daily assistance issues;
• was born in Shreveport and has four siblings;
• was reared by his mother and grandmother;
• has a high school diploma;
• has no military experience;
• is healthy, with a decent employment history;
• is not affiliated with any gang;
• has a history of substance abuse; and
• even though he has been in treatment programs, he still struggles with addiction to cocaine, marijuana and prescription pills.
The trial court thoroughly reviewed this man’s criminal history.
1. Possession of marijuana (misdemeanor)
□ 8/03/92: sentenced to 30 days, suspended.
2. Possession of cocaine
□ felony guilty plea
□ 3/7/94: sentenced to two years at hard labor, two years suspended; two years of supervised probation
□ 6/22/94: probation revoked.
3. Felony theft by fraud
□ felony guilty plea
□ 2/12/99: $150.00 fine or 60 days in jail; two years at hard labor, one year suspended; one year of probation.
4. Driving while intoxicated (misdemeanor)
□ 3/14/02: guilty plea.
5. Forgery
□ guilty plea to attempted felony theft (misdemeanor)
□ 7/30/02: sentenced to one year in parish jail; one year suspended; one year active supervised probation
□ 10/1/03: probation revoked.
*885 6. Driving while intoxicated — third offense
□ felony guilty plea
□ 11/4/02: sentenced to five years at hard labor, five years suspended; three years supervised probation ’
□ 6/15/03: probation revoked
□ 7/1/08: released on parole.
7. Possession of cocaine
□ felony guilty plea
□ 8/25/03: sentenced to five years at hard labor
□ 7/1/08: released on parole.
After reviewing the presentence report, the trial court stated:
COURT: A fifth felony offender is before the Court awaiting sentence on the distribution of schedule III controlled dangerous substance. Your history is what’s killing you. You’ve heard what I said to the other individuals. You’re just at the point now when you commit a charge you’re going to come before the Court, if you’re found guilty, you plead guilty you’re just going to get the max. Your record speaks louder than anything that you’ve got. Noting |sthat this is a drug charge and a distribution charge on top of that would note you have at least four other drug related arrests.
* * *
So all that being said, Mr. Stringer, I’ve taken into consideration this' report, all of the factors contained in Article 894.1 of the criminal code, and any sentence less than the one I’m going to give you now would take away from the serious nature of the charge. But Mr. Stringer, as a fifth felony offender, I don’t have any room to maneuver. You’ve maxed out every option you have with the Court and you’ve proven that even given an opportunity to handle these matters on probation that you don’t do well.
The defendant did not file a motion to reconsider sentence, and thus constitutional excessiveness is the only issue before us.
EXCESSIVENESS
The defendant argues:
• this 10-year sentence is constitutionally excessive and not particularized;
• the trial court failed to adequately consider certain mitigating factors, including his history of substance abuse, his lack of a father figure, his remorse, and the needs of his sickly fiancée;
• the trial court put too much emphasis on his prior crimes;
• maximum sentences are reserved for the most egregious offenders, and a $20 sale of hydrocodone is “hardly a major drug transaction”; and
• none of his crimes were crimes of violence or distribution charges.
The state responds:
1. this sentence is within the statutory sentencing range;
2. the trial court did not abuse its discretion in sentencing;
3. this review is limited to constitutional excessiveness;
4. this is a fifth-felony offender, with three revocations on his record;
5. there are no significant factors in mitigation; and
6. there is an adequate factual basis for the sentence.
Our law is well settled as to appellate review of excessiveness.[1]
*886 At the time of the commission of the crime, hydrocodone was listed as a “limited narcotic drug” and designated a Schedule III controlled dangerous substance. La. R.S. 40:964.[2]
La. R.S. 40:968, Prohibited Aets-Sched-ule III; penalties, states in pertinent part:
(A) Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
(1) To ... distribute or dispense a controlled dangerous substance classified in Schedule III.
* * *
(B) Any person who violates Subsection A with respect to any controlled dangerous substance classified in Schedule III shall be sentenced to a term of imprisonment at hard labor for not more than ten years; and, in addition, may be sentenced to pay a fine of not more than fifteen thousand dollars.
Based on this defendant’s track record, this maximum 10-year sentence falls far short of shocking the sense of justice. This sentence would have withstood scrutiny even had a motion for reconsideration been filed. The trial court thoughtfully considered the PSI report and the factors outlined in' La. C. Cr. P. art. 894.1. Further, the trial court was clearly familiar with all relevant aspects of the defendant’s life.
Because there is no requirement that the trial court give particular weight to specific matters at sentencing, the record reveals that the trial court more than adequately complied with La. C. Cr. P. art. 894.1. See State v. Jones, 398 So.2d 1049 *887 (La.1981); State v. Moton, 46,607 (La.App.2d Cir.9/21/11), 73 So.3d 603, writ denied, 2011-2288 (La.3/30/12), 85 So.3d 113.
Although the defendant received a maximum sentence, he was not fined and he was fortunate in not being charged as a habitual offender. See State v. Robinson, 49,825 (La.App.2d Cir.5/20/15), 166 So.3d 403. Had he been adjudicated as such, his minimum sentencing exposure would have been 20-years at hard labor.
This is a just sentence, tailored to the life of a career criminal.

Error Patent

This record reveals that the trial court did not properly inform the defendant as to the mandatory time limit to file for post-conviction relief, as per La. C. Cr. P. art. 930.8. At sentencing, the trial court advised Stringer that he had “two years from today’s — from the date this conviction becomes final to file any post-conviction relief that either you or your attorney deems appropriate.” The Louisiana Supreme Court has held that La. C. Cr. P. art. 930.8(C), which requires the trial court to inform the defendant of the limitation period for filing an application for post-conviction relief, is supplicatory language. State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189, abrogated on other grounds in State ex rel. Olivieri v. State, 2000-0172 (La.2/21/01), 779 So.2d 735; State v. Hunter, 36,692 (La.App.2d Cir.12/20/02), 834 So.2d 6. The failure to properly advise a defendant is not grounds to vacate or remand, State v. Cooper, 31,118 (La.App.2d Cir.9/23/98), 718 So.2d 1063, writ denied, 99-0187 (La.5/14/99), 741 So.2d 663. We now notify the defendant that he has two years from the date his conviction and sentence become final under La. C. Cr. P. arts. 914 or 922 to file any application for póst-conviction relief. State v. Parker, 49,009 (La.App.2d Cir.5/15/14), 141 So.3d 839.
DECREE
The defendant is notified that he has two years to file for post-conviction relief, commencing from the finality of this conviction and sentence. The defendant’s conviction and sentence are AFFIRMED.

. The trial judge is given wide discretion in the imposition of sentences within the statute- *886 ry limits, and the sentence imposed by the court should not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7; State v. Pamilton, 43,112 (La.App.2d Cir.3/19/08), 979 So.2d 648, writ denied, 2008-1381 (La.2/13/09), 999 So.2d 1145, reh'g denied and opinion modified sub nom. State ex rel. Pamilton v. State, 2010-0273 (La.2/4/11), 56 So.3d 986.
La. C. Cr. P. art. 881.1 precludes a defendant from presenting sentencing arguments to the court of appeal which were not presented to the trial court. Accordingly, when a defendant fails to file a motion to reconsider sentence, the appellate court’s review of a sentencing claim is limited to the bare claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Jones, 41,449 (La.App.2d Cir.9/20/06), 940 So.2d 61; State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164.
Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. Livingston, 39, 390 (La.App.2d Cir.4/6/05), 899 So.2d 733; State v. White, 37,815 (La.App.2d Cir. 12/17/03), 862 So.2d 1123.
A sentence violates La. Const. Art. I § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, supra. A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Jacobs, 41,663 (La.App.2d Cir. 12/13/06), 945 So.2d 897.
The Louisiana jurisprudence follows the requirement of comparing the same offenses, not merely the same charges. State v. Foley, 456 So.2d 979 (La.1984); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. However, in determining whether a defendant's sentence is excessive, a reviewing.court should compare the defendant’s punishment with the sentences imposed for similar crimes by the same court or other courts. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Ferguson, 44,009 (La.App.2d Cir.2/25/09), 4 So.2d 315.

. Hydrocodone is now a Schedule II controlled dangerous substance.