Judgment rendered April 5, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,948-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

BRODERICK T. LEWIS                          Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 367,646

Honorable Donald E. Hathaway, Jr., Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Douglas Lee Harville

BRODERICK T. LEWIS                          Pro Se

JAMES E. STEWART, SR.                        Counsel for Appellee
District Attorney

ALEX L. PORUBSKY
VICTORIA T. WASHINGTON
ALLISON MELTON-GRIFFIN
Assistant District Attorneys

* * * * *

Before STONE, THOMPSON, and MARCOTTE, JJ.

**THOMPSON, J.**

Broderick Lewis appeals his conviction by a Caddo Parish jury and resulting five-year sentence at hard labor – the maximum sentence – for aggravated flight from an officer. Lewis argues that the State failed to sufficiently prove that he was guilty of aggravated flight from an officer because the evidence at trial did not establish reasonable grounds to believe he committed an offense resulting in his flight. Additionally, Lewis contends the statutory maximum sentence of five years was excessive. For the following reasons, we affirm the defendant's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

On June 7, 2019, Broderick Lewis ("Lewis") was arrested after refusing to stop his vehicle during a vehicle pursuit involving multiple police officers. The record shows that the pursuit was initiated by Corporal J. Lewis ("Cpl. Lewis"), who prior to the flight, made contact with Lewis in relation to a domestic abuse matter. Lewis fled from his home in his vehicle following the initial interaction with Cpl. Lewis. The resulting police pursuit involved three police officers – Cpl. Lewis, Sergeant Jeremy Edwards ("Sgt. Edwards"), and Corporal John Briceno ("Cpl. Briceno"). Following a harrowing pursuit, Lewis was apprehended and arrested.

Subsequently, on June 27, 2019, Lewis was charged by bill of information with aggravated flight from an officer and domestic abuse battery with strangulation for the events leading up to his arrest on June 7, 2019. An amended bill of information was filed by the State on December 6, 2021, omitting the felony domestic abuse battery charge but maintaining

the aggravated flight from an officer charge.[1]  Trial commenced on March 7, 2022.  Cpl. Lewis – the officer who initiated the interaction that ultimately led to Lewis' arrest – did not testify at trial.  Cpl. Lewis' report regarding the incident was submitted into the record as discovery by the State.  However, Cpl. Lewis' report was not offered into evidence or testified to at trial.

Sgt. Edwards testified at trial, and stated that he was on patrol when he heard over his police radio that a vehicle pursuit was underway.  Sgt. Edwards testified that the reason he tried to initiate contact with Lewis in his vehicle was that he was a suspect in a previous investigation.  Sgt. Edwards stated that other officers were pursuing Lewis' vehicle, and he was paralleling the pursuit.  Sgt. Edwards' dashboard camera footage was introduced into evidence.  The dashboard footage depicts Lewis' vehicle fleeing police, leaving the roadway, driving through the front lawn of a home, and running a red light.  Sgt. Edwards testified that he deployed his lights and sirens in his vehicle to signal Lewis to stop, and he continued to flee from him and the other officers involved in the chase.  Sgt. Edwards testified that the violations he personally observed Lewis commit included careless and reckless operation of his vehicle, driving through a stop sign, and running a red light.  Sgt. Edwards observations of Lewis' flight include at least three of the aggravating factors that amount to endangerment of human life, as provided in La. R.S. 14:108.1(D).

Corporal John Briceno also testified at trial.  Cpl. Briceno testified that Cpl. Lewis, on the police radio, stated that he was involved in a car

---

[1] The felony domestic was later amended to a misdemeanor grade.  Following sentencing in the instant matter, the domestic violence charge was dismissed on March 17, 2022.

chase regarding a felony or investigation. Cpl. Briceno testified that he was in the area that would allow him to assist Cpl. Lewis. Cpl. Briceno testified that when he approached Lewis' vehicle, he made a U-turn in a residential front yard and fled. Cpl. Briceno also testified that he observed Lewis run a red light. Cpl. Briceno's observations of Lewis' flight include at least two of the aggravating factors that amount to endangerment of human life, as provided in La. R.S. 14:108.1(D).

On March 8, 2022, Lewis was found guilty as charged by a unanimous jury. On March 17, 2022, the trial court sentenced Lewis to the maximum sentence for aggravated flight from an officer – five years at hard labor, giving him credit for time served. Lewis filed a motion to reconsider sentence, which the trial court denied. This appeal followed, in which Lewis asserts two assignments of error.

## LAW AND DISCUSSION

In his first assignment of error, Lewis argues that the evidence presented at trial was insufficient to support the conviction of aggravated flight from an officer.

**Assignment of Error No. 1: Lewis asserts that the State failed to offer testimony from Cpl. Lewis. Without any testimony that Cpl. Lewis or another law enforcement officer who had reasonable grounds to stop Lewis when law enforcement officers initially confronted him, and he refused to stop when Cpl. Lewis or any other officer initially confronted him while having such reasonable grounds, there was insufficient evidence to prove that Lewis was guilty beyond a reasonable doubt of aggravated flight from an officer.**

Lewis asserts that the absence of Cpl. Lewis' testimony and his report results in insufficient evidence for his conviction of aggravated flight from an officer. According to Cpl. Lewis' report, which is contained in the record despite being omitted from the evidence at trial, he attempted to stop Lewis

3

pursuant to an investigation of a domestic abuse battery complaint. Lewis asserts that although the report provides reasonable grounds to stop him, it constitutes hearsay evidence because it was not presented at trial. Lewis argues that the State failed to offer any evidence or testimony at trial that Cpl. Lewis had reasonable grounds to believe he had committed an offense at the time the police officers gave Lewis a visual and audible signal to stop. Thus, the State failed to prove there was reasonable cause to believe Lewis was involved in an offense before Cpl. Lewis or any other officer initially attempted to stop him.

The standard of appellate review for a sufficiency of the evidence claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Hearold,* 603 So. 2d 731 (La. 1992); *State v. Smith,* 47,983 (La. App. 2 Cir. 5/15/13), 116 So. 3d 884. *See also* La. C. Cr. P. art. 821. This standard does not provide an appellate court with a vehicle for substituting its appreciation of the evidence for that of the fact finder. *State v. Pigford,* 05-0477 (La. 2/22/06), 922 So. 2d 517; *State v. Robertson,* 96-1048 (La. 10/4/96), 680 So. 2d 1165.

The trier of fact makes credibility determinations and may accept or reject the testimony of any witness. *State v. Casey,* 99-0023 (La. 1/26/00), 775 So. 2d 1022, *cert. denied,* 531 U.S. 840, 121 S. Ct. 104, 148 L. Ed. 2d 62 (2000). A reviewing court may not impinge on the fact finder's discretion unless it is necessary to guarantee the fundamental due process of law. *Id.* The appellate court does not assess credibility or reweigh the evidence. *State v. Smith,* 94-3116 (La. 10/16/95), 661 So. 2d 442. A

4

reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. *State v. Gilliam,* 36,118 (La. App. 2 Cir. 8/30/02), 827 So. 2d 508, *writ denied,* 02-3090 (La. 11/14/03), 858 So. 2d 422.

Thus, in order for Lewis' convictions to be upheld, the record must establish that the state proved beyond a reasonable doubt all of the essential elements of aggravated flight from an officer. La. R.S. 14:108.1 defines aggravated flight from an officer, in pertinent part, as follows:

> C. Aggravated flight from an officer is the intentional refusal of a driver to bring a vehicle to a stop […], under circumstances wherein human life is endangered, knowing that he has been given a visual and audible signal to stop by a police officer when the officer has reasonable grounds to believe that the driver or operator has committed an offense. The signal shall be given by an emergency light and a siren on a vehicle marked as a police vehicle […].
>
> D. Circumstances wherein human life is endangered shall be any situation where the operator of the fleeing vehicle […] commits at least two of the following acts:
>
> > (1) Leaves the roadway or forces another vehicle to leave the roadway.
> > (2) Collides with another vehicle or watercraft.
> > (3) Exceeds the posted speed limit by at least twenty-five miles per hour.
> > (4) Travels against the flow of traffic […].
> > (5) Fails to obey a stop sign or a yield sign.
> > (6) Fails to obey a traffic control signal device.
>
> E. (1) Whoever commits aggravated flight from an officer shall be imprisoned at hard labor for not more than five years and may be fined not more than two thousand dollars.

Both Sgt. Edwards and Cpl. Briceno testified that they were notified by dispatch of an ongoing vehicle pursuit and were deployed to join in the pursuit. Cpl. Briceno further testified that Lewis was actively fleeing in connection to a felony investigation conducted by Cpl. Lewis. The State argues that the evidence of Lewis' flight and attempt to avoid apprehension

5

support a finding of reasonable grounds of commission of an offense, and the jury appropriately inferred Lewis' guilt.

The record clearly shows aggravating circumstances existed while Lewis was fleeing marked police vehicles, including leaving the roadway, and failing to obey a stop sign and a red light. Further, Lewis had multiple opportunities to end his flight from the officers after being given visual and audible signals to stop, but he refused. The testimony from Sgt. Edwards and Cpl. Briceno established that reasonable grounds existed to believe that Lewis was actively committing an offense, while refusing to bring his vehicle to a stop in a manner that endangered human life. There was ample evidence presented at trial of Lewis' flight and prolonged attempt to avoid apprehension to support the finding of reasonable grounds of commission of an offense.

It is well settled that an officer's knowledge of facts need not be based on his personal observations. *State v. Flowers*, 441 So. 2d 707 (La. 1983). An officer can, and in many situations must, act upon information supplied by another person. *Id.* Even without the information relayed on the police radio by Cpl. Lewis, Sgt. Edwards and Cpl. Briceno possessed independent reasonable grounds to believe Lewis had committed an offense based on their own observations of Lewis' flight from police. Both officers observed Lewis drive through the front lawn of a homeowner's property, and their testimony was corroborated by dashcam footage. The officers possessed direct knowledge that Lewis committed an offense. Their testimony and the dashboard footage satisfy the requirements of La. R.S. 14:108.1, even without Cpl. Lewis' involvement in the case.

Considering these facts in a light most favorable to the prosecution, any rational trier of fact could conclude that Lewis' flight from the police officers satisfied the elements necessary for a conviction of aggravated flight from an officer. Therefore, this assignment of error lacks merit.

In his second assignment of error, Lewis argues that his five-year maximum sentence is excessive.

**Assignment of Error No. 2: Lewis had one prior felony conviction for theft for which he received a fine, one prior misdemeanor conviction for which he received four months in parish jail and a fine, and a number of arrests not leading to convictions. He was a 34-year-old when sentenced, and he was the sole caretaker to his mother who had a stroke and who testified at his sentencing. Accordingly, did the trial court err by sentencing Lewis to the maximum sentence, 5 years of imprisonment at hard labor, without ordering a PSI and given the fact that Lewis has never had the benefit of a probated sentence.**

Lewis argues that no person was injured as a result of his flight from the officers, and he did not attempt to harm anyone. Lewis contends that the maximum sentence of 5 years of imprisonment is excessive under the facts of this case.

Where the defendant's motion to reconsider sentence alleges mere excessiveness of sentence, on appeal the reviewing court is limited to considering whether the sentence is constitutionally excessive. *State v. Mims,* 619 So. 2d 1059 (La. 1993); *State v. Boyd,* 46,321 (La. App. 2 Cir. 9/21/11), 72 So. 3d 952.

Constitutional review turns upon whether the sentence is illegal, is disproportionate to the severity of the offense or shocking to the sense of justice. *State v. Lobato,* 603 So. 2d 739 (La. 1992); *State v. Livingston,* 39,390 (La. App. 2 Cir. 4/6/05), 899 So. 2d 733; *State v. White,* 37,815 (La. App. 2 Cir. 12/17/03), 862 So. 2d 1123. Under constitutional review, a sentence can be excessive, even when it falls within statutory guidelines, if

7

the punishment is so disproportionate to the severity of the crime that it shocks the sense of justice and serves no purpose other than to inflict pain and suffering. *State v. Fatheree,* 46,686 (La. App. 2 Cir.11/2/11), 77 So. 3d 1047.

Maximum sentences are generally reserved for the worst offenses and offenders. *State v. Cozzetto,* 07-2031 (La. 2/15/08), 974 So. 2d 665, 666; *State v. Taylor,* 41,898 (La. App. 2 Cir. 4/4/07), 954 So. 2d 804. The trial court has wide discretion in imposing sentence within minimum and maximum limits allowed by the statute; therefore, a sentence will not be set aside as excessive unless the defendant shows the trial court abused its discretion. *State v. Hardy,* 39,233 (La. App. 2 Cir. 1/26/05), 892 So. 2d 710; *State v. Young,* 46,575 (La. App. 2 Cir. 9/21/11), 73 So. 3d 473, *writ denied,* 11-2304 (La. 3/9/12), 84 So. 3d 550. A trial court is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *State v. Zeigler,* 42,661 (La. App. 2 Cir.10/24/07), 968 So. 2d 875. The reviewing court does not determine whether another sentence would have been more appropriate, but whether the trial court abused its discretion. *State v. Esque,* 46,515 (La. App. 2 Cir. 9/21/11), 73 So. 3d 1021, *writ denied,* 11-2347 (La. 3/9/12), 84 So. 3d 551.

The record shows that the trial court considered the factors contained in La. C. Cr. P. art. 894.1. Further, Lewis received a substantial benefit by having a pending domestic abuse battery charge dismissed. The record establishes that the court was aware Lewis had a significant criminal history, which included one prior felony conviction. The record also indicates at least four prior arrests for domestic abuse battery. The State correctly argues

8

that Lewis' hard labor sentence was justified due to an undue risk that he would commit another offense if granted a suspended sentence or probation. We find the trial court did not abuse its discretion by imposing the maximum sentence of 5 years, that Lewis' sentence is not constitutionally excessive, and is supported by the record. Therefore, this assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, we affirm Lewis' conviction and sentence for aggravated flight from an officer.

**AFFIRMED.**